Thomas Garrison, Plaintiff-Appellant, v. Community Consolidated School District No. 65 and Board of Education, Community Consolidated School District No. 65, Defendants-Appellees.

Gen. No. 51,233.

First District, Second Division.

September 29, 1967.

158

Leibman, Williams, Bennett, Baird and Minow, and Louis G. Davidson, of Chicago (Julian R. Wilheim, of counsel), for appellant.

John C. Tucker, of Chicago (Raymond, Mayer, Jenner & Block, of Chicago, and Shanesy, Hobbs, Ball & Koch, of Evanston, of counsel), for appellees.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal taken by the plaintiff, Thomas Garrison, from the entry of a final judgment by the Circuit Court of Cook County on December 7, 1965, after hearing on motions, which judgment dismissed Count III of plaintiff's complaint, in an action for personal injuries, as it pertained to the defendants-appellees, Community Consolidated School District No. 65 and Board of Education, Community Consolidated School District No. 65 (both hereinafter sometimes referred to as the instant defendants).

Plaintiff, a then twenty-year-old drama student at Northwestern University's Evanston campus, commenced this action seeking to recover damages from the instant defendants (as well as seven other defendants not parties to this appeal) for certain alleged personal injuries sustained by him on November 22, 1958, as a result of the ignition and explosion of a "prop cannon" as he participated in a dramatic production at the Haven Community

Consolidated School in Evanston. His complaint therein alleged that there existed a contractual agreement between Northwestern University and the instant defendants which provided for and controlled the use of the drama facilities at the aforementioned situs of the injury.

As concerns Count III of the complaint, plaintiff prayed for judgment against the instant defendants and others, jointly and severally, in the sum of $474,000 together with interest and costs.

The instant defendants were named as parties defendant in Count III of the complaint only, and this appeal has been taken by plaintiff solely in respect to the propriety of the trial court's action in dismissing said Count III as against these two defendants.

In response to the complaint at bar, the instant defendants originally brought a motion to dismiss pursuant to section 48(1)(c) of the Civil Practice Act claiming there was another action pending between the same parties for the same cause. This motion was filed on August 4, 1960, 23 days after the filing of the instant complaint, at which time there existed, in fact, a prior cause pending in the Circuit Court which had, as yet, not been reduced to judgment. Upon a subsequent hearing, further proceedings on the motion were continued generally by the trial judge. Thereafter, on May 14, 1965, the instant defendants renewed their objection by filing a motion to dismiss together with supporting affidavit pursuant to section 48(1)(d) of the Practice Act (action barred by a prior adjudication) after the prior cause had been determined in their favor, affirmed by the Appellate Court, and Leave To Appeal as well as Petition for Stay of Mandate were denied by our Supreme Court. Such motion had, in addition, requested that plaintiff's affidavit in opposition to their motion to dismiss be stricken accordingly.

The court below, relative to this latter motion, found (1) that plaintiff's action against the instant defendants

was barred by the prior adjudication in Garrison v. Community Consol. School Dist. No. 65, Circuit Court 59C 16254, affirmed, 34 Ill App2d 322, 181 NE2d 360 (1962), Leave To Appeal denied (hereinafter referred to as Case #1), and (2) that the affidavit in opposition to the motion to dismiss failed to raise any relevant issues of fact. The court entered its judgment accordingly on December 7, 1965. The complaint in the case at bar (hereinafter referred to as Case #2) had been filed in the interim on July 12, 1960. [1]

Plaintiff assigns alternative theories to this court to support his contention that the court below erred in dismissing Count III of the complaint as to the instant defendants. The judgment of December 7, 1965, from which he has taken this appeal, however, was predicated solely upon the issue of res judicata and hence is the only issue properly before this court for determination. Keeran v. The Wahl Co., 320 Ill App 457, 51 NE2d 598 (1943).

Relative to the single issue of res judicata, it is plaintiff's theory of the case (1) that defendants' motion to dismiss was untimely; (2) that the order of dismissal in Case #1, which is relied upon as the bar of a prior judgment, was a dismissal without prejudice, hence by appealing that adverse judgment plaintiff did not make an election to stand on his first complaint; (3) that the doctrine of res judicata has no application where, as here, the prior judgment pleaded in bar was not an adjudication on the merits thereof; and (4) that, in any event, Count III of each of the two respective complaints do not

---

[1] As of the date of the rendition of this opinion, plaintiff's actions in both Case #1 and Case #2 are still pending in the Circuit Court of Cook County against the balance of the original codefendants, Northwestern University, Rita Criste, David Press, Herman Zimmerman, C. F. Newman Co., Inc., and Joe Rozzi and Paul Rozzi, d/b/a Newco Products.

assert the same cause of action against the instant defendants.

It is the instant defendants' theory of the case (1) that their motion to dismiss was timely under the circumstances; (2) that plaintiff, by appealing in Case #1, made an election to stand or fall on his first complaint; (3) that the prior adjudication was a final and binding determination on the merits of the cause thereby operating in bar to this subsequent action; and (4) that the respective Counts III of the two complaints are based upon the same cause of action against the instant defendants.

Plaintiff, in his briefs and argument, has alluded to numerous events which he has shown to have intervened from the date on which the injury was sustained and which he maintains preclude the interposition of defendants' plea of res judicata. A brief chronology of those events so offered appears as follows:

(1) November 22, 1958: plaintiff's injury sustained.

(2) May 22, 1959: the Illinois Supreme Court in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, abolished both retroactively and prospectively the doctrine of sovereign immunity of public school districts from tort liability.

(3) July 22, 1959: the School Tort Liability Act became law in Illinois (Ill Rev Stat (1959) c 122, par 821 et seq.) which enactment adopted the decision in the Molitor case but limited public school districts' liability to $10,000 in damages "if there is liability imposed by any court."

(4) November 12, 1959: plaintiff's complaint in Case #1 filed based upon the previously described tort.

163

(5) December 16, 1959: the Illinois Supreme Court on rehearing in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89 (1959), reiterated its former abolition of sovereign immunity of public school districts, but thereafter modified its previous opinion stating that such abolition was to operate prospectively only from and after December 16, 1959, with the sole exception of Thomas Molitor's case.

(6) February 15, 1960: the instant defendants filed a motion to dismiss plaintiff's complaint in Case #1 for its failure to state a claim upon which relief could be granted, the theory of such motion being that the action predated the effective date of the Supreme Court's abolition of school districts' sovereign immunity in the Molitor case.

(7) July 12, 1960: plaintiff's complaint in the instant case filed.

(8) August 4, 1960: the instant defendants filed their original motion to dismiss Case #2 predicated upon the then pendency of the cause in Case #1.

(9) January 31, 1961: the Circuit Court in Case #1 entered its final order dismissing the cause in Count III of the complaint as to the instant defendants thereby severing them from that action.

(10) February 2, 1961: upon a hearing, the instant defendants' motion to dismiss in Case #2 was continued generally to be brought up by either party on twenty days' notice.

(11) January 30, 1962: the Circuit Court's order of dismissal in Case #1 was affirmed by this division of the Appellate Court, the theory of

164

that decision being that the plaintiff had failed to plead the existence of non-trust funds so as to overcome the pre-Molitor doctrine of sovereign immunity of public school districts, and that such law as it then existed was not circumscribed by the provisions of the School Tort Liability Act.

(12) May 24, 1962: plaintiff's Petition for Leave to Appeal the Appellate Court's decision in Case #1 was denied by the Illinois Supreme Court.

(13) May 14, 1965: the instant defendants filed a motion to dismiss, together with supporting affidavit, in Case #2 based upon the prior adjudication in Case #1.

(14) July 27, 1965: plaintiff filed in the Illinois Supreme Court a Petition for Stay of Mandate and Other Relief in Case #1.

(15) July 30, 1965: plaintiff filed an affidavit in opposition to defendants' motion to dismiss in the case at bar, and the instant defendants filed a motion to strike said affidavit in opposition to their motion.

(16) August 6, 1965: plaintiff's Petition for Stay of Mandate in Case #1 denied by the Supreme Court.

(17) September 21 and December 1, 1965: hearings had on the motion to dismiss of May 14, 1965.

(18) December 7, 1965: the Circuit Court entered its judgment dismissing Count III of the complaint in Case #2 as to the instant defendants, and from which judgment plaintiff has taken this appeal.

(19) December 10, 1965: plaintiff filed a motion in the Supreme Court for reconsideration of

its previous order dismissing his appeal as to that court's denial of his Petition for Stay of Mandate in Case #1.

(20) January 18, 1966: the Supreme Court denied plaintiff's motion for reconsideration of his December 10, 1965 motion.

From these purportedly relevant and intervening circumstances, initial consideration must be given plaintiff's objection in regard to the timeliness of the May 14, 1965 motion to dismiss, such motion representing the subject matter of this appeal. We cannot, however, upon our examination of the record before us, find foundation in fact or law to support plaintiff's contention on the point.

There is no dispute but that defendants' original motion to dismiss under section 48(1)(c) of the Practice Act was filed within the time prescribed for answer. Subsequently, at the hearing on that motion on February 2, 1961, all further proceedings in the instant cause were continued generally by the hearing judge. It is manifest from the Report of Proceedings at that hearing that the purpose in so doing was to hold the present action in abeyance pending a final determination of the related issues in the first case. It might be noted, parenthetically, that it was plaintiff, not defendants, who had requested the stay, plaintiff having suffered the adverse ruling by the Circuit Court in Case #1 two days earlier and advising the court of his intention to appeal. It should have become apparent to plaintiff, in view of the stay of proceedings in the case at bar, that a new motion would be eventually forthcoming based upon the adjudication rather than the pendency of the prior action.

Plaintiff suggests that after the Supreme Court denied his Leave To Appeal on May 24, 1962 in Case #1, it became incumbent upon the instant defendants to make timely application to the lower court by interjecting their motion based upon res judicata. We cannot

166

agree. By plaintiff's own construction of the facts in the premises, it stands unrefuted that relief was being sought by him in Case #1 as late as December 10, 1965, three days subsequent to the date on which the judgment in Case #2 was entered and from which he has brought this appeal. The subject motion of May 14, 1965 was filed by leave of court. To say that that motion was untimely and that the court abused its discretion in granting leave to file it, would be to ignore the order of continuance of February 2, 1961, and to grossly misconstrue the attendant circumstances which occasioned the delay. It would moreover appear, contrary to plaintiff's contentions, that plaintiff at no point in the proceedings below addressed an objection to the timeliness of the motion. Under well settled standards of review, the objection has thus been waived. Wylie Equipment Co. v. Alters, 26 Ill App2d 118, 167 NE2d 823 (1960), 2 ILP (Appeal and Error) § 242.

Plaintiff, relative to this same motion, claims to have not been afforded the prescribed 20 days' notice of motion as per the order of February 2, 1961. While it does appear plaintiff had received but two days' notice of the motion and had raised such an objection before the hearing judge, it is equally apparent that the irregularity was cured at the hearing of May 14, 1965 on the motion of even date. In response to the objection, the hearing judge stated:

> "I will enter an order giving you leave to file your motion, . . . how long do you want? . . . What I contemplate doing is giving you time, whatever time you wish, to file counterpapers, whether they be affidavits or anything else, . . . ."

The court thereafter entered an order accordingly, plaintiff being allowed to file an affidavit in opposition to the motion to dismiss approximately six weeks later.

■ Plaintiff next argues that the general order of dismissal by the Circuit Court in Case #1, from which he had appealed, was a dismissal without prejudice to his right to bring the same action anew. Plaintiff submits that all dismissals of actions at law are without prejudice, purporting to support that contention by pointing to the absence of any language in the order which would import a contrary conclusion. An examination of the authorities cited by plaintiff, however, reveals the orders of dismissals in each case to have been entered absent a contest on the issues raised by the pleadings. Manifestly, such is not the situation in the case at bar.

The instant defendants' motion to dismiss in Case #1 admitted all of the facts well pleaded in the original complaint together with the inferences which might have legitimately flown therefrom. Garrison v. Community Consol. School Dist., supra. Accordingly, we cannot conclude, as plaintiff suggests, that the cause in Case #1 was disposed of summarily as a matter of law without resort to the factual considerations necessarily created by the motion.

■ ■ Where, as in Case #1, the prior judgment amounts to a final determination of the respective rights and liabilities of the parties based upon the ultimate state of facts as disclosed by a demurrer to the complaint, and upon which complaint the right of recovery was dependent, the prior judgment was one rendered on the merits of that case thereby operating in bar to the subsequent action. Lytton v. Cole, 54 Ill App2d 161, 203 NE2d 590 (1964) ; Howard T. Fisher & Associates v. Shinner Realty Co., 24 Ill App2d 216, 164 NE2d 266 (1960). It is immaterial whether the facts upon which the trial court based its determination were proven by evidence or admitted by motion to dismiss, Pratt v. Baker, 79 Ill App2d 479, 223 NE2d 865 (1967), and the rule is conclusive on the issues so presented irrespective of whether the subsequent suit purports to

involve an entirely different cause of action. Lytton v. Cole, supra; Howard T. Fisher & Associates v. Shinner Realty Co., supra.

At no time in either proceeding has plaintiff denied that the complained of injury predated the effective date of our Supreme Court's prospective abolition of sovereign immunity of public school districts from tort liability. Similarly, there is no dispute about the proposition that the same parties and one and the same injury are involved in the two cases.

■ The gravamen in a plea of res judicata is identity of parties and issues. Plaintiff's complaint in Case #1 failed to aver facts upon which such liability could have been predicated under the then applicable law on the subject, judgment was entered upon the state of facts so disclosed by the pleadings, and plaintiff, rather than seeking leave to amend so as to include the fatally absent allegation of existing nongovernmental funds with which to satisfy a judgment, elected to stand on his complaint (the order of dismissal in Case #1 so reciting) and pursue his test of the Molitor doctrine on multifold theories of relief. See Garrison v. Community Consol. School Dist., supra.

■ Under circumstances parallel to those of the case at bar, the Supreme Court, in Webb v. Gilbert, 357 Ill 340, 192 NE 252 (1934) stated:

> "If the complainant omitted anything in her first suit by way of relief sought she cannot take advantage of the omission in the present suit. . . . When there has been a final judgment or decree neither party thereto should again be permitted to relitigate by undertaking to change his position in the case and to force his adversary again to defend against the same matters and matters collateral thereto as were properly involved or might have been brought forth in the prior litigation, . . . ."

169

Plaintiff's attempt to relitigate issues previously disposed of on the merits thereof or issues which should have been presented is thus barred by the doctrine of res judicata. Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 197 NE2d 143 (1964).

The aforesaid rule obtains notwithstanding the absence of language in the final order (upon which judgment was rendered) subsequently pleaded in bar indicating whether such judgment was entered with or without prejudice. Branom v. Miller, 25 Ill App2d 94, 166 NE2d 123 (1960). The fact that the instant complaint was filed prior to any final determination on the merits of Case #1, is, moreover, devoid of legal consequence as the relevant consideration in a plea of res judicata is the existence of the prior judgment as of the point in time when the plea is interjected. Black v. Thomson, 120 Ill App 424 (1905).

The law affords every man his day in court with the opportunity to present his case, but it likewise requires that he bring forth all grounds of recovery which he may then have. The rule is rooted in long established public policy considerations. Pratt v. Baker, supra. The plaintiff here has had his day in court and cannot be heard to offer a second complaint which remains substantially unchanged from its predecessor, save his allegation on information and belief, relative to the existence of non-governmental funds with which a judgment could be satisfied.

Plaintiff next urges that the court below erred in denying his motion to strike the affidavit filed by the instant defendants in support of their motion to dismiss. It is plaintiff's contention that the alleged defect not appearing on the face of the complaint attacked, under the language of section 48(1) and (6) of the Practice Act, the governing provisions of Supreme Court Rule 15(1) have not been complied with in the affidavit. We disagree. The subject motion to dismiss had at-

170

tached thereto as certified exhibits and incorporated by reference (1) the complaint in Case #1, (2) the instant defendants' motion to dismiss as addressed to that complaint, and (3) both the order of dismissal of the Circuit Court as well as the affirming opinion of this Appellate Court in Case #1.

The affidavit to which plaintiff directed his attack manifest the personal knowledge of the affiant (counsel for defendants in both Cases #1 and #2), attested to the authenticity of the Appellate Court opinion, and similarly incorporated by reference, as grounds for dismissal, the aforesaid exhibits attached to the motion in chief. The tendered court exhibits speak for themselves and we think it would have been a meaningless ceremony to have required that the affiant recite in haec verba the exhibits attached to the motion and to which he made specific reference. We furthermore feel defendants' offer of those extrinsic documents sufficed to sustain their burden of proof on the issue of res judicata. Setliff v. Reinbold, 73 Ill App2d 208, 218 NE2d 814 (1966).

Lastly, plaintiff asserts that the court similarly committed error in striking the affidavit filed in his behalf in opposition to the defendants' motion to dismiss. The contention is ill founded, and we concur in the conclusion reached by the trial judge. Without belaboring the point, suffice to say that that affidavit simply narrated in essence the statement of facts as they appear in this opinion and endeavored to oppose the motion to dismiss on the legal theories already resolved in the instant defendants' favor. The affidavit was properly stricken.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

BURKE and BRYANT, JJ., concur.