**J. J. Kuehner, Petitioner-Appellant, v. F. E. Melliere, Defendant-Appellee.**

**Gen. No. 69–34.**

Fifth District.

December 30, 1969.

Conn & Clendenin, of Sparta (Edward W. Clendenin, of counsel), for appellant.

Paul H. Nehrt, of Red Bud (Earl H. Sachtleben, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal by the Petitioner, J. J. Kuehner, from an order dismissing his petition and from a subsequent order denying his motion to file an amended petition. The Petitioner-Appellant, hereinafter called Petitioner, is seeking relief as provided by chapter 133, Ill Rev Stats 1967, entitled, "An Act To Provide for the Permanent Survey of Lands."

Briefly stated, the statute provides a method whereby a landowner may have a court appoint a commission of surveyors to establish corners and boundaries which are lost, destroyed, or are in dispute.

The decisive issue for review is whether or not the court below was correct in applying the doctrine of res judicata to this cause.

Since 1944 the Petitioner and the Defendant-Appellee, F. E. Melliere, hereinafter called the Defendant, have owned land with a common boundary. In the year 1960, the Defendant performed work on the boundary line. The work, consisting of grading and clearing, caused a dispute as to the location of the dividing line. This dispute matured into a lawsuit which the present Plaintiff filed against the present Defendant. The cause was filed on April 16, 1962, in the Circuit Court of Randolph County. In seeking relief of both equitable and legal remedies the Plaintiff sought judgment for the return of twelve (12) feet of property which the Defendant allegedly appropri-

ated for his use; the Plaintiff also petitioned the court to quiet and confirm title in the Petitioner and to declare that the Defendant had no interest in the land; Plaintiff also requested damages for the loss of the use of the disputed land and for the possession of the disputed strip and finally for a writ of restitution. The Defendant filed an answer and counterclaim, the Petitioner a reply and answer to the counterclaim.

The cause was heard by the court. Both parties introduced evidence. The court reviewed the premises and examined surveys of both parties. On May 28, 1963, the court entered its order denying relief to the Petitioner and to the Defendant on his counterclaim further decreeing,

> "The line between the property owned by F. E. Melliere and J. J. Kuehner is established thusly: Starting at a stone marked on all of the exhibits presented in Court and especially Defendant's Exhibit 1, said stone being on the line between Survey 365, Claim 2207, and Survey 364, Claim 458, being the southeasterly line of the F. E. Melliere property, from this line we go 10.20 chains in a northwesterly direction, North 57° West to a point which divides said properties, said dividing line set by this decree to run at an angle of North 33° East and South 33° West, from the line mentioned above to establish the boundary line between the J. J. Kuehner property and F. E. Melliere property."

No appeal was taken from this judgment. Hereinafter that cause shall be referred to as the original suit.

The Petitioner, on May 25, 1967, filed his petition in the instant cause. The parties are the same as those of the original suit. The same boundary line is in dispute. On June 26, 1967, the Defendant filed a motion to dismiss involving the doctrine of res judicata. The motion was heard on June 7, 1968, at which time the parties stipu-

lated and agreed that the entire record of the proceedings of the original cause be admitted into evidence. On August 1, 1968, the court granted Defendant's motion to dismiss. On August 26, 1968, Petitioner filed his motion to file an amended Petition which was ordered denied by the court on December 12, 1968. Appeal was taken to this Court.

The petitioner admits that the court settled the questions of title and right to possession and that the court described the boundary line. The Petitioner urges that the instant suit is but an attempt to reestablish the lost boundary line and does not present questions of title and possession.

We cannot accept the Petitioner's contention that the boundary line is lost. There is a boundary line. We can, however, accept that there is still a dispute by the Petitioner as to the location of the said boundary. This is the issue of this cause as well as that of the original cause. We must accept that there is an adequate legal description of the presently existing boundary line as the order of the court in the original suit described the property line and that order of the trial court has been long since final.

██ It is not disputed that this cause has identity of parties with the original suit. The issue of the location of the dividing line is identical. The doctrine of res judicata is therefore appropriate. The Defendant has the burden of proving the applicability of the res judicata doctrine by clear, certain and convincing evidence. Setliff v. Reinbold, 73 Ill App2d 208, 218 NE 814. This the Defendant has done.

█ It is well settled that "In all cases where the second suit is based upon the same issue and between the same parties or their privies, the doctrine of res judicata extends to all grounds of recovery or defenses which might have been presented. Chicago & W. I. R. Co. v. Alquist, 415 Ill 537 at 541, 114 NE2d 713; People v. Kidd,

398 Ill 405, 75 NE2d 851; Leitch v. Hine, 393 Ill 211, 66 NE2d 90." Setliff v. Reinbold, supra. It is quite obvious that the plaintiff could have sought the relief in the original suit that he is presently seeking. That is when it must have been brought.

■ "The law affords every man his day in court with the opportunity to present his case, but it likewise requires that he bring forth all grounds of recovery which he may then possess. The rule is long established in public policy considerations." Garrison v. Community Consol. School Dist. #65, 88 Ill App2d 158, 232 NE2d 148.

For the above reasons, the judgment of the lower court is affirmed.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.