PARKWAY BANK & TRUST COMPANY, Plaintiff-Appellee, *v.* LLOYD S. LeVINE *et al.*, Defendants.—(LEE SHERRY GRADITOR, Ex'r of the Estate of Maurice Spilky, Appellant.)

First District (1st Division)    No. 63115

Opinion filed January 24, 1977.

Abram A. Hartunian, of Pressman & Hartunian, of Chicago, for appellant.

Arnold I. Kramer, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

. The source of this controversy is a note dated November 19, 1973, payable on February 19, 1974, and secured by a land trust assigned to the payee, Parkway Bank & Trust Company (plaintiff, Bank) by the two makers, Maurice Spilky and Lloyd S. LeVine. On May 15, 1975, plaintiff obtained a judgment by confession in the circuit court of Cook County for principal and interest and also attorney's fees of $14,344.99. Ultimately the indebtedness was paid and the trial court entered judgment in favor of plaintiff for the attorney's fees. Only Maurice Spilky has appealed.

Plaintiff filed a motion suggesting the death of Maurice Spilky on January 4, 1976, and noting the appointment of Lee Sherry Graditor as executor of his estate in the probate division of the circuit court of Cook County on January 16, 1976. Copies of the death certificate and of the

letters testamentary were appended. Plaintiff also moved the court to dismiss the appeal because of the death of Maurice Spilky. In response, the executor filed a motion by the same attorney who had acted for Spilky, requesting substitution of the executor as appellant.

■■ It is generally well-known that section 54 of the Civil Practice Act permits substitution of parties in event of death where the action is one which survives. (Ill. Rev. Stat. 1975, ch. 110, par. 54(2); see also Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(2).) The common law contract actions, such as the case before us, survive the death of either party (*Butterman v. Chamales* (1966), 73 Ill. App. 2d 399, 402, 220 N.E.2d 81). This common law rule remains in effect to this day. (See Ill. Rev. Stat. 1975, ch. 3, par. 339.) Consequently the motion of plaintiff-appellee to dismiss the appeal is denied. Lee Sherry Graditor, executor of the estate of Maurice Spilky, deceased, is substituted as defendant-appellant in this cause and the appeal will proceed under that designation.

Prior to the judgment by confession, and on June 17, 1974, the Bank filed suit in Lake County, Illinois, against LeVine and Spilky, the Bank as trustee of the land trust and another bank which also held an interest in the collateral. The complaint sought an accounting of amounts due under both the note and assignment of collateral and a decree that the security be sold unless the debt was paid within a date to be fixed by the court.

On June 6, 1975, after entry of the judgment by confession, Spilky and LeVine filed suit in Cook County to enjoin the Bank from proceeding with a judicial sale of certain collateral and obtained a temporary restraining order. In the same proceedings, the court ordered the Bank to accept a tender of the full amount due under the note and to return the collateral to the comakers. The parties complied with this direction on June 13, 1975. The Bank gave the debtors a receipt acknowledging that payment had been made in full cancellation of the loan but expressly "excluding any attorney's fees and costs (the right to which and the amount of which remains in dispute)."

On July 29, 1975, in the Lake County case, Spilky filed a motion to dismiss the cause. The motion alleged that on June 13, 1975, the underlying debt had been satisfied, that all of plaintiff's claims had been extinguished and referred to the attached affidavit of Spilky's attorney. The affidavit included a copy of the Bank's receipt. Although notice of the motion was apparently sent, the Bank did not respond. On August 1, 1975, the court ordered the Lake County case "dismissed with prejudice as against all defendants."

In the meantime, on June 9, 1975, Spilky had been served with a summons to confirm the judgment by confession entered on May 15, 1975. He filed a "Verified Motion to Vacate Judgment and Dismiss this Case" and a supplementary affidavit and the Bank filed a motion in opposition.

On June 12, 1975, the trial court entered an order stating "that the judgment heretofore entered is *vacated*, and the issues are hereby set for trial." Following assignment of the case to a trial judge, each party was ordered to and did file a memorandum concerning the motion to dismiss. On September 26, 1975, the court entered judgment in favor of the Bank (plaintiff) and against Spilky for $14,344.99, which was the identical amount of the attorney's fees included in the original judgment by confession.

In this court, defendant contends that the trial court erred in failing to dismiss the suit on June 12 because payment was not due in that advance notice had not been given according to the terms of an alleged oral modification of the note and the cause should have been dismissed because there was a prior suit pending in Lake County between the same parties for the same cause. Defendant further claims that the cause should have been dismissed because the prior dismissal of the Lake County suit was res judicata as to the issues involved in the confession case. Defendant finally asserts that plaintiff was not entitled to attorney's fees under the confession clause of the note because the judgment by confession was vacated and that the sums awarded were patently unreasonable and without evidentiary support. The Bank maintains that, the confession clause aside, the award of attorney's fees was authorized by another provision of the note; the trial court properly relied on the schedule of attorney's fees for confession cases set by Cook County Circuit Court Rule; the denial of the motion to dismiss was correct because the motion alleged grounds which did not appear on the face of the pleading attacked and the motion did not include a proper affidavit under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48).

It is immediately apparent that not all of these points need be considered. Defendant's claim concerning advance notice of suit is mooted by full payment of the indebtedness. The prior suit in Lake County is no longer pertinent as a pending matter because of the order of dismissal upon which defendant depends for the claim of res judicata. We have for consideration simply the issues of res judicata and the allowance and amount of attorney's fees.

■■ Considering the latter issue first, the confession clause provides for inclusion of "reasonable attorneys' fees." The body of the note also includes "reasonable attorneys' fees" in the indebtedness. Thus, "reasonable attorneys' fees" are allowable to plaintiff whether the order of June 12, 1975, "vacated" the judgment, as therein recited, or merely opened it for hearing on the merits. Note Supreme Court Rule 276, Ill. Rev. Stat. 1975, ch. 110A, par. 276, and *Star Finance Corp. v. McGee*

(1975), 27 Ill. App. 3d 421, 425, 426, 326 N.E.2d 518, *appeal denied*, 60 Ill. 2d 601.

■■ The contention of res judicata has no merit. It is based upon the order entered August 1, 1975, which dismissed the Lake County suit with prejudice. Consequently this defense was not and could not have been raised in the motions previously made to attack the judgment by confession. When this judgment was opened and the case set for trial the defense did not exist. No additional pleadings were filed by defendant prior to trial. The record before us contains no testimony or other proof on this issue. (See *Kuehner v. Melliere* (1969), 118 Ill. App. 2d 348, 351, 255 N.E.2d 36, cited in *Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 91-92, 350 N.E.2d 76.) Thus we have neither pleadings nor proof on this defense and it was never raised in the trial court. Consequently, it "cannot be raised for the first time on review." *Kravis v. Smith Marine Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

We will add parenthetically that establishment of the defense of res judicata would appear to be most difficult in view of the payment of the debt in full pursuant to an understanding between the parties that liability of the debtors, if any, for attorney's fees, was specifically excluded. Compare *Caporale v. Shannon Plumbing Co.* (1974), 20 Ill. App. 3d 511, 314 N.E.2d 540.

● 4 It remains to consider defendant's contention regarding lack of evidentiary support for the amount of attorney's fees. Plaintiff concedes that it offered no evidence in the trial court concerning the amount of attorney's fees. Instead plaintiff attempts to justify the complete lack of such evidence by relying upon the schedule of attorney's fees on confessions allowed on judgments in the circuit court. It is correct that this court will take judicial notice of the schedule as a rule adopted by the circuit court pertaining to confessions of judgment. (See Ill. Rev. Stat. 1975, ch. 51, par. 48b, and *Boettcher v. Howard Engraving Co.* (1945), 389 Ill. 75, 78-79, 58 N.E.2d 866.) However, that argument cannot assist plaintiff. Defendant urged that the judgment by confession was vacated rather than simply opened so that no attorney's fees may be allowed on the confession. Plaintiff responded to this argument by basing its claim for fees not only upon the confession clause in the note, but upon the other language in the body of the note above quoted which provides for the allowance of reasonable attorney's fees. However, after the order setting the issue for trial was entered, defendant had paid the note and the parties had excluded attorney's fees with the express agreement that the right to such fees as well as the amount thereof remained in dispute.

● 5 Under these particular circumstances, it was, in our opinion, essential to provide the trial court with evidence other than the fee

schedule regarding the type and extent of the services rendered by counsel for plaintiff in order to give the trial court a basis for awarding attorney's fees.

The motion of plaintiff-appellee to dismiss the appeal is denied and its motion for substitution of parties is allowed as above indicated. The judgment appealed from is reversed and the cause is remanded with directions that the court fix the reasonable amount of the attorney's fees after hearing evidence on this subject.

Judgment reversed and cause remanded with directions.

O'CONNOR and SIMON, JJ., concur.