## HARVEY B. LUCAS

*v.*

## THOMAS J. LE COMPTE.

42  303
63a 337

1.  JUSTICES OF THE PEACE — *consolidating causes of action — splitting a demand.* Under the statute requiring a party commencing a suit before a justice of the peace to consolidate all his demands, which are of such a nature as to be consolidated, and which do not exceed one hundred dollars when consolidated, into one action, a party having a demand for services rendered as an attorney at law, made up of several items, amounting in the aggregate to more than one hundred dollars, cannot divide such demand and maintain two suits thereon.

2.  Such an account is one entire demand, and, when the amount exceeds the jurisdiction of the justice, a recovery thereon can only be had in some other court having jurisdiction of the amount; and if the plaintiff should split the cause of action and bring two suits for the different portions of it, before a justice of the peace, a recovery in one of the suits would bar a recovery in the other.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court states the case.

Mr. DANIEL HAY, for the appellant.

Mr. THOMAS J. LE COMPTE, *pro se.*

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is as to the proper construction of section 35, chapter 59, in relation to justices of the peace and constables.

That section is as follows: "In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his or her demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated and which do not exceed one hundred dollars when consolidated, into one action or defense; and, on refusing or neglecting to do the same, shall forever be

debarred from the privilege of suing for such a debt or demand." Scates' Comp. 703.

The case was, Le Compte had a demand for services rendered as an attorney and counselor at law, against Lucas, for one hundred and sixty-seven dollars and fifty cents. This demand was made up of several items of service. Le Compte divided it into two demands, one for ninety-five dollars, and the other for seventy-two dollars and fifty cents, and brought suit before a justice of the peace on the same day, on each demand. A trial was had on the least demand and a judgment rendered in favor of the plaintiff for sixty-five dollars and costs. On the trial of the suit for the larger demand, Lucas pleaded this recovery in bar, but the justice of the peace disallowed the plea, and rendered judgment against Lucas for ninety-five dollars, the amount of that demand.

On appeal to the Circuit Court of Washington county from this judgment, the same proceedings were there had, and the plea of Lucas there disallowed, and judgment rendered against him for ninety-five dollars, to reverse which he prosecutes this appeal.

In support of appellant's views, the case of *Buckner* v. *Thompson*, 11 Ill. 564, is relied on.

That was a case where the plaintiff held two promissory notes against the defendant, to one of which, the defendant had a set-off to an amount exceeding the note. Separate suits were brought on each note, and the set-off established in one suit. When the other was tried, the defendant pleaded this recovery in bar of the suit on the other note, which the justice of the peace allowed. On appeal to the Circuit Court, it was decided, the recovery was not a bar, and it was so held by this court on appeal. This court said, each note constituted a separate demand, upon which the holder had a right to bring a suit, and although it appeared upon trial that the other party was entitled to a set-off or cross-demand, to an amount greater than one of the notes, still those notes were none the less demands against the defendant, and the statute did not require that the plaintiff should consolidate them.

Why the statute did not so require is not shown. The statute seems ambiguous in its phraseology, and if promissory notes are to be exempted from its operation it must be for the reason that it is easy to avoid the statute by assigning one of the notes. But in regard to open accounts there can be no doubt. On the day appellee brought his suits before the justice of the peace, he had but one demand against appellant, and that demand exceeded the jurisdiction of the justice. The demand was composed of various items for professional services, every one of which, according to his view, was a separate demand, and therefore he might bring as many separate actions as there were items in his account. This cannot be tolerated. A party is trading at a store, where he has a running account, which in the aggregate exceeds $100,—can it be, the merchant has a right to divide this demand, so as to give a court jurisdiction, which, of the entire demand, has it not? It cannot be. The true interpretation and meaning of the statute is, that if a party has a demand against another, made up of several items, he must bring his suit for the aggregate, and if, when aggregated, a justice of the peace has not jurisdiction, he must go to another forum having jurisdiction. It could never have been the design of the legislature, a party should be permitted to split up his claim or demand, in order to give a justice of the peace jurisdiction. As well might the appellee here have divided his demand into more than two parts, making each item of it, on his theory, a demand, and thus harrass his debtor with a multiplicity of suits, to his great detriment and costs, when one suit in the proper court would have been all the litigation necessary. Public policy, equally with the statute forbids such a proceeding.

The former recovery in the first suit was a bar to a recovery to the larger demand, and the Circuit Court should so have determined. In support of these views reference is made to *Curson* v. *Clark*, 1 Scam. 113; *Champ* v. *Morgan*, 21 Ill. 258; *Casselberry* v. *Forquer*, 27 id. 170; *Matthews* v. *Cook*, 31 id. 84.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*