VIRGIA V. BARTON, Plaintiff in Error, *vs.* GEORGE E. SOUTHWICK, Defendant in Error.

*Opinion filed April 19, 1913—Rehearing denied June 4, 1913.*

1. MALPRACTICE—*when recovery by physician for services does not bar suit for malpractice.* The recovery of a judgment before a justice of the peace for the fees of a physician for services in attending a woman does not bar a suit by the woman for malpractice, where she did not appear before the justice and attempt to defeat the claim for fees by setting up such malpractice. (*Howell* v. *Goodrich,* 69 Ill. 556, distinguished.)

2. SAME—*what does not show that defense of malpractice was interposed in suit for fees.* The facts that the husband, who was sued jointly with his wife for the fees of a physician who had attended the wife, appeared before the justice, accompanied by his counsel, who asked the physician what instruments he used on the woman and stated to the justice that the husband did not deny he owed the bill, do not show that the defense of malpractice was interposed.

COOKE, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

W. ST. J. WINES, for plaintiff in error:

A judgment is not conclusive on any point or question which from the nature of the case, the form of action or the character of the pleadings could not have been adjudicated in the suit in which it was rendered, nor as to any

matter which must necessarily have been excluded from
consideration in the case as being beyond the jurisdiction
of the particular court.  23 Cyc. 1317; *Seafkas* v. *Evey,*
29 Ill. 178.

Where the second action, although between the same
parties, is on a different cause of action, the judgment is
not conclusive on all matters which might have been liti-
gated in the former action, but only as to such points or
questions as were actually in issue and adjudicated therein.
*Riverside Co.* v. *Townshend,* 120 Ill. 9; *Chicago* v. *Cam-
eron,* 120 id. 447; *White* v. *Sherman,* 168 id. 589; *Rail-
way Co.* v. *Carson,* 169 id. 247; *Smith* v. *Rountree,* 185
id. 219; *Krause* v. *Nolte,* 217 id. 298; 24 Am. & Eng.
Ency. of Law, (2d ed.) 775, 776; 23 Cyc. 1297, 1308-09.

The estoppel of a judgment does not extend to matters
not expressly adjudicated and which can only be inferred
by argument or construction from the judgment, except
where they are necessary and inevitable inferences, in the
sense that judgment could not have been rendered as it was
without deciding such points.  *Potter* v. *Baker,* 19 N. H.
166; Black on Judgments, sec. 612; Bigelow on Estop-
pel, (5th ed.) 99; Freeman on Judgments, secs. 258, 259;
23 Cyc. 1297; *Jordahl* v. *Berry,* 45 L. R. A. 541.

A matter is not in issue in the first suit which was
neither pleaded nor brought into contest therein although
within the general scope of the litigation, and although it
might have determined the judgment if it had been set up
and tried.  23 Cyc. 1304, 1305; *Mining Co.* v. *Dangberg,*
81 Fed. Rep. 73.

In the absence of proof that a particular issue was
actually tried and determined in arriving at a former judg-
ment, it is conclusive by way of estoppel only as to those
facts without the existence and proof or admission of which
it could not have been rendered,—in other words, it is con-
clusive evidence of whatever it was necessary for the court
or jury to have found in order to warrant the decision or

verdict in the former action, and no further.   23 Cyc. 1308, 1309; *Chicago* v. *Cameron*, 120 Ill. 447; *Riverside Co.* v. *Townshend*, 120 id. 9; *McIntyre* v. *Storey*, 80 id. 127; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Russell* v. *Place*, id. 606.

Though a defendant is obliged to set up a defense, he need not interpose a set-off or counter-claim under penalty of being precluded from thereafter suing or defending thereon.   The law does not raise any implication against him because he does not interpose it when the plaintiff's demand is presented.   *Ressequie* v. *Byers*, 52 Wis. 650; *Goble* v. *Dillon*, 86 Ind. 327; VanFleet on Former Adjudications, sec. 169.

The following are some of the authorities discussing the New York doctrine and refusing to follow the same: *Jordahl* v. *Berry*, 72 Minn. 119; *Ressequie* v. *Byers*, 52 Wis. 650; *Goble* v. *Dillon*, 86 Ind. 327; *Lawson* v. *Conway*, 37 W. Va. 159; Bigelow on Estoppel, (5th ed.) 174 *et seq.;* Black on Judgments, sec. 769; VanFleet on Former Adjudications, sec. 168 *et seq.*

Where an injury results from a want of ordinary skill or from a failure to exercise proper diligence and caution in the treatment of the case the physician must be held responsible.   *Hallam* v. *Means*, 82 Ill. 379; *Ritchey* v. *West*, 23 id. 329.

Failure to use reasonable skill in ascertaining the real cause of a patient's suffering or the real nature of an injury renders a physician liable.   *Manser* v. *Collins*, 76 Pac. Rep. 851.

GRAHAM & GRAHAM, and STEVENS & HERNDON, for defendant in error:

In a suit by a physician for fees, unless the services are reasonably careful and skillful he cannot recover.   *Patton* v. *Wiggin*, 51 Me. 594; *Bellinger* v. *Craigue*, 31 Barb. 534; *Goble* v. *Dillon*, 86 Ind. 327; *Alder* v. *Buckley*, 1 Swan,

69; *Langolf* v. *Pfroner,* 2 Phil. 17; *Ely* v. *Wilbur,* 49 N. J. L. 685.

A judgment is conclusive of every fact which was offered, or might properly have been offered, as a defense to the suit on which the judgment was entered. *Gross* v. *People,* 193 Ill. 260; *Brack* v. *Boyd,* 211 id. 290; *Rice* v. *Travis,* 216 id. 260.

A judgment in favor of a physician for compensation for services, rendered on a hearing where the defendant appeared, is a bar to the prosecution of an action for malpractice based on the services for which judgment for compensation is given. *Howell* v. *Goodrich,* 69 Ill. 556; *Sale* v. *Eichberg,* 52 L. R. A. 894; *Bellinger* v. *Craigue,* 31 Barb. 534; *Blair* v. *Bartlett,* 75 N. Y. 150; *Gates* v. *Preston,* 41 id. 113; *Dunham* v. *Bower,* 77 id. 76; 1 Herman on Estoppel, 325; *Goble* v. *Dillon,* 86 Ind. 327; *Lawson* v. *Conway,* 37 W. Va. 159; *Jordahl* v. *Berry,* 45 L. R. A. 541.

Per CURIAM: The plaintiff in error, Virgia V. Barton, brought her action on the case in the circuit court of Sangamon county against Dr. George E. Southwick, the defendant in error, charging him with malpractice, and recovered a judgment for $2300. The Appellate Court reversed the judgment without remanding the cause, on the ground that the action was barred by a judgment before a justice of the peace in favor of defendant in error, Dr. Southwick, in an action brought by him against plaintiff in error and her husband for the services rendered plaintiff in error. The merits of the case were not considered by the Appellate Court. The case is brought to this court for review by writ of *certiorari.*

After this suit had been commenced in the circuit court and the declaration had been filed herein, defendant in error sued plaintiff in error and her husband, jointly, before a justice of the peace to recover for his services and recovered judgment therefor, and the only question argued

and presented for our determination is whether the judgment thus secured before the justice of the peace is a bar to a recovery in this action.

It will not be necessary to make an extended statement of the facts. In substance the declaration charged, and the theory upon which the plaintiff in error seeks to recover is, that defendant was negligent and guilty of malpractice in that having been called as a physician to attend and prescribe for her while she was suffering from some disorder of the generative organs, which had resulted in what is commonly known as "flooding," he improperly and wrongfully diagnosed her case as one of pregnancy, informed her she was about to have a miscarriage, and proceeded, by the use of various instruments, to attempt to remove the fœtus supposed to be present; that plaintiff in error was not pregnant, and defendant in error was so careless and negligent in the use of such instruments as to lacerate the uterus, thereby compelling plaintiff in error to submit to a major surgical operation and suffer the removal of her uterus. The defense in the trial court on the facts was, that defendant in error employed proper treatment to stop the flooding, that he did not diagnose the case as one of pregnancy, and that he did not insert any instrument into the uterus or attempt by the use of instruments to remove a fœtus.

On the trial the following stipulation was entered into and admitted in evidence: "It is stipulated between the parties that the defendant in this suit now on trial, Dr. George Southwick, brought suit in December of 1910, before justice of the peace Knotts, at Chatham, Illinois, to recover compensation for services, including the visits on which it is claimed in the case on trial that the defendant herein was guilty of negligence; that Virgia Barton was a defendant in that suit brought by Dr. Southwick and is the same Virgia Barton who is the plaintiff in this case; that counsel appeared on the hearing in the trial of the case before the said justice of the peace representing the

defendants; that the defendant in this case and plaintiff in
that case, Dr. Southwick, testified on that trial to the ren-
dition of the services upon which this action of negligence
is based; that counsel for defendants in that case inquired
of Dr. Southwick on that trial concerning the duration of
his visits, what instruments he used and what use he made
of them, and that judgment for compensation for the plain-
tiff for said services was given against the defendants, Wes-
ley Barton and Virgia Barton, as claimed by the plaintiff
in that suit, and that said suit by Dr. Southwick was com-
menced before the justice of the peace after *præcipe* and
declaration had been filed in the suit on trial."

Guy Wesley Barton, the husband of plaintiff in error,
was a witness in her behalf on the trial of the case, and in
his direct examination testified that defendant in error had
sued him for his services. His cross-examination on this
subject is abstracted as follows: "Southwick's suit for fees
was brought against wife and myself. I was in Chatham,
present at the trial, and Mr. Wines was there for us. He
asked Southwick, on the trial, what instruments he used
and how he used them. Mr. Wines told the squire I didn't
deny I owed the doctor the bill."

The New York courts have held that a judgment against
a patient, before a justice of the peace, in favor of a phy-
sician for his services is a bar to the prosecution of a suit
for malpractice against the physician by the patient, even
though no defense of malpractice or any attempt to set off
or recoup damages on that account was made at the trial.
This was held in *Bellinger* v. *Craigue,* 31 Barb. 534, and
*Gates* v. *Preston,* 41 N. Y. 113, and has been followed by
the courts of that State in later cases. The courts of some
other States have followed the New York cases, but the
majority of other courts have only partially followed the
New York courts. Bigelow on Estoppel, VanFleet on For-
mer Adjudication and Black on Judgments repudiate the
New York rule, while Herman on Estoppel supports it. A

number of both lines of authorities will be found in the decisions cited and reviewed by the Supreme Court of Tennessee in *Sale* v. *Eichberg*, 52 L. R. A. 894. Most, if not all, the reported cases to which our attention has been called follow the New York decisions to the extent of holding that a judgment before a justice of the peace is a bar to the prosecution of a malpractice suit only when the defendant in the suit before the justice of the peace appears at the trial and interposes the defense of malpractice. This court held in *Howell* v. *Goodrich,* 69 Ill. 556, that a judgment in favor of a doctor before a justice of the peace, where the defendant appeared and interposed the defense of malpractice, was a bar to the prosecution of a suit against the doctor for malpractice, and it would seem from the fact that a justice of the peace in this State has no jurisdiction to entertain an action for malpractice, a party having pending or contemplating bringing such a suit in a court having jurisdiction to try and determine it could not be compelled to defend the suit by the physician before the justice of the peace or be barred from prosecuting his suit for malpractice. The inconvenience, if not injustice, of requiring the party to defend against a judgment in the justice's court was referred to in *Ressequie* v. *Byers,* 52 Wis. 650, (38 Am. Rep. 775,) where the court said: "If the plaintiff were compelled to make his defense in the justice's court that the professional services were of no value and that he had been injured by the defendant's negligence, then it would follow that he must either split up his demand so that there might be two suits instead of one upon it, or content himself with merely defeating the claim for services or limit his damages to $200,—the extent of the jurisdiction of the justice. We are not inclined to adopt a rule which would lead to any such inconvenient consequences."

Defendant in error contends that there was a defense made before the justice of the peace in the suit brought by

him to recover for his services. We do not think the stipulation and testimony relied upon support this contention. Plaintiff in error did not appear at the trial, but her husband, who was sued jointly with her, was present and was accompanied by counsel. Defendant in error, as shown by the stipulation, testified in support of his claim, and counsel who was present with the husband of plaintiff in error inquired of defendant in error what instruments he used and what use he made of them. The husband of plaintiff in error testified on the trial of this case that he, with counsel, was present before the justice of the peace; that counsel asked defendant in error the questions stated in the stipulation, and counsel said to the justice of the peace plaintiff in error's husband did not deny owing the doctor the bill. Clearly, this does not show that any defense was interposed or any attempt made to prevent a judgment being rendered. The question might well have been, and to all appearances was, asked by counsel to acquire information that might be of advantage to him in the prosecution of the malpractice suit. The mere presence of the husband of plaintiff in error and counsel before the justice of the peace without any attempt to interpose any defense whatever was not a bar to the prosecution of the malpractice suit by plaintiff in error, and *Howell* v. *Goodrich, supra,* is not applicable.

Inasmuch as the Appellate Court did not consider the merits of the case the judgment of that court will be reversed and the cause remanded to it, with directions to consider the case on its merits.

*Reversed and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting.