STANLEY TURZYNSKI, Plaintiff-Appellant, *v.* SAMUEL A. LIEBERT, Defendant-Appellee.

First District (5th Division)   No. 61525

Opinion filed May 28, 1976.

Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago (Edward S. Salomon, of counsel), for appellant.

Serpico, Stamos, Novelle, Dvorak, Navigato & Hett, Ltd., of Chicago (Robert A. Novelle and William D. Serpico, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from a judgment dismissing his amended complaint with prejudice. The issue presented for review is whether the trial judge was correct in holding that the cause of action alleged in the complaint was barred by a former adjudication.

This matter originated in 1961 when defendant contracted in writing to sell plaintiff his medical practice, consisting of a building, the land on which it was located, a parking lot, the furnishings in the building, medical equipment, the existing inventory of medicines, active patient lists, current industrial medical accounts, and all accounts receivable. In the contract, defendant also agreed to remain employed by plaintiff for a period of time to effect a smooth transition, to not publicize the sale and to refrain from practicing medicine within certain specified areas. In consideration thereof, plaintiff agreed to pay defendant $185,000. The sale was consummated in August of 1961 and, at that time, plaintiff took possession of the real estate and the medical practice.

Approximately two years later, plaintiff received a notice from defendant announcing his intention of opening a medical clinic next door to plaintiff. Upon receiving this notice, plaintiff filed a complaint in chancery seeking injunctive relief to enforce the restrictive covenant. In his answer, defendant alleged the existence of a subsequent written agreement, signed by plaintiff, which waived the restrictive covenant in consideration of defendant's promise to remain in plaintiff's employ for an additional three months. Plaintiff's reply denied that he had entered into any such agreement or, in the alternative, that if his signature did appear on the document, it was fraudulently procured. Plaintiff further asserted that the consideration for any such supplemental agreement was so grossly unfair and inadequate as to shock the conscience and amount to conclusive evidence of fraud.

At hearings before a master in chancery, plaintiff attempted to inferentially prove that the restrictive covenant was the principal inducement to the purchase of the medical practice and thus would not have been knowingly waived. To accomplish this, he introduced evidence that the tangible physical assets involved in the sale were of a relatively low value when compared to the contract price. To this end defendant, called as an adverse witness, testified to the cost of the real estate, building, office equipment and furnishings. His estimate was that the completed building, including real estate, had cost him about $90,000. He placed a value at the time of sale of $150,000 for the real property and roughly $20,000 on the furnishings, equipment, medicines and drugs and

$25,000 on the accounts receivable—although he stated that the sale of the practice was a package deal and that the value of the practice as such had not been independently discussed. Defendant's objection to questions concerning the value of the industrial accounts to be transferred with the practice was overruled, the master stating that they were directed toward the value of the practice and thus were relevant to the issue of whether the alleged cancellation of the restrictive covenant was for adequate consideration.

Plaintiff testified that although the signature on the document purporting to be a cancellation of the restrictive covenant resembled his signature, he had not signed any such document. It was also his testimony that defendant had not introduced him to any of the industrial clients or to any other patients, as promised, and that there had been no accounts receivable.

The master concluded that plaintiff had failed to establish by clear and convincing evidence either that he had been fraudulently induced to sign the waiver of the restrictive covenant or that the consideration for the waiver of the restrictive covenant was so unfair and grossly inadequate as to amount to conclusive evidence of fraud. His findings and his recommendation that the complaint be dismissed for want of equity were adopted by the trial court in its order. This judgment was affirmed on appeal. *Turzynski v. Libert,* 122 Ill. App. 2d 352, 259 N.E.2d 295, *cert. denied,* 401 U.S. 975.

Thereafter, plaintiff brought this action for breach of contract. In his amended complaint, he alleged the following breaches: (1) That no accounts receivable were transferred; (2) that no inventory of drugs and medical supplies was left; (3) that no industrial accounts were transferred; (4) that no active patient files were left; and (5) that defendant actively competed with plaintiff, thereby making it impossible for him to take over defendant's existing medical practice. Plaintiff's amended complaint alleged his loss to be $135,000 and demanded damages in that amount.

Defendant filed a motion to dismiss and, after a hearing, the amended complaint was dismissed "on the plea of collateral estoppel." The trial court stated in its order that it had examined all the pleadings in the prior case and that it had "determined from such examination that all of the matters and things set forth in the amended complaint have been determined in said proceedings." This appeal is brought from that order.

Opinion

Both aspects of *res judicata,* estoppel by judgment and collateral estoppel are involved in the present litigation. Defendant's position is that the cause of action set forth in the initial chancery suit is the same as that in the instant case. He argues that plaintiff is not only barred from

litigating those matters actually raised in the prior suit but also all matters which could have been raised. Defendant alternatively contends that even if the causes of action are different, the facts upon which plaintiff now bases his claim were actually litigated in the first case and therefore collateral estoppel bars the present suit.

■■■ The estoppel by judgment rule provides that a final judgment on the merits rendered by a court of competent jurisdiction is a bar to any subsequent litigation between the parties where the same cause of action is involved. *(People v. Kidd,* 398 Ill. 405, 75 N.E.2d 851.) The cause of action merges into the judgment and precludes the relitigation of not only all matters which were litigated but also all matters which should properly have been litigated in the original action. *(Prochotsky v. Union Central Life Insurance Co.,* 2 Ill. App. 3d 354, 276 N.E.2d 388; *Howard T. Fisher & Associates, Inc. v. Shinner Realty Co.,* 24 Ill. App. 2d 216, 164 N.E.2d 266.) Additionally, even where the subsequent litigation is based on a different cause of action, collateral estoppel, a branch of *res judicata,* prevents a party from raising issues which were essential to the former litigation and which were actually decided therein. *Frontier Investment Corp. v. Belleville National Savings Bank,* 119 Ill. App. 2d 2, 254 N.E.2d 295.

As mentioned, defendant's initial contention is that the previous judgment operates as a bar to all issues which could have been litigated; *i.e.,* that estoppel by judgment applies. This contention necessitates a determination of whether the two causes of action are the same. *(Frontier Investment Corp.)* In this regard, it has been stated that the test for determining whether the causes of action are the same is whether the same evidence would sustain both actions. *Melohn v. Ganley,* 344 Ill. App. 316, 100 N.E.2d 780.

In the first action between the parties, plaintiff sought injunctive relief to enforce a restrictive covenant entered into by defendant. Defendant's affirmative defense was a signed waiver. Plaintiff replied that the waiver had been fraudulently induced and that defendant had deceived him concerning the nature of the document he was asked to sign. As evidence of the alleged fraud, plaintiff attempted to prove that the restrictive covenant had formed the predominant consideration for the contract and would not have been knowingly executed in the manner contended by defendant. Thus, the sole issue in the first suit was the validity of the subsequent agreement rescinding the restrictive covenant. The court found this subsequent agreement to be valid and accordingly held it constituted a waiver of the restrictive covenant.

■■ The present litigation is for breach of contract in that defendant allegedly failed to deliver certain assets of the practice, as he had promised. A contract may give rise to more than one cause of action (23

Ill. L. & Pr. *Judgments* §§341, 348 (1956)) and, in the instant case, it is apparent that proof of a breach of contract by failure to deliver certain assets of the medical practice will not require a relitigation of the legal effect of the restrictive covenant. For this reason, we conclude that, because the identity of issues test has not been satisfied, the causes of action are not the same and that therefore the present action is not barred by the estoppel by judgment aspect of *res judicata. Melohn.*

We next examine the alternative contention of defendant—that plaintiff's complaint is barred on the grounds of collateral estoppel. In support thereof, he argues that evidence was presented and passed upon in the first case on each ground that plaintiff now urges in this breach of contract action.

For collateral estoppel to apply, it must appear that some "controlling fact or question material to the determination of both causes has been adjudicated in the former suit \* \* \*."*(People v. Haran,* 27 Ill. 2d 229, 231, 188 N.E.2d 707; *Hoffman v. Hoffman,* 330 Ill. 413, 417, 161 N.E. 723.) Our review of the abstract of record in the former proceeding reveals that defendant was correct in stating that plaintiff had introduced evidence in that case pertaining to the issues involved in the present litigation. It appears that in the prior action defendant was examined concerning the value of the medical inventory and the extent of the active patient files. Plaintiff also testified there that he was not introduced to anyone "in the industrial field or any patient"; that "there were no Accounts Receivable"; and that "there were no medicines in."

Whether the presentation of the above mentioned testimony collaterally estoppes plaintiff in the present litigation depends upon whether the issues involved were necessarily tried and determined in the former action. *Continental Mortgage v. Hussmann Refrigeration,* 81 Ill. App. 2d 324, 225 N.E.2d 442.

From our review of the abstract of the first action, it appears to us that the only factual issue litigated there was whether the restrictive covenant had been waived. The master permitted plaintiff to introduce evidence regarding the value of the various elements of the medical practice as being material to plaintiff's contention that the restrictive covenant was central to the contract and would not have been knowingly waived by plaintiff. The court held that plaintiff had failed to establish that the consideration for the agreement to waive the restrictive covenant was so grossly inadequate as to shock the conscience. This was the only issue presented for the determination of the court, and the question of whether defendant had performed the other covenants of the contract was not considered or determined by the court.

■■ We conclude that defendant has not established by clear, certain and convincing evidence that the issues presented in the former action

were determinative of the issues in the present litigation. *(Kuehner v. Melliere,* 118 Ill. App. 2d 348, 255 N.E.2d 36; *Brownell v. Quinn,* 47 Ill. App. 2d 206, 197 N.E.2d 721.) Consequently, plaintiff is not collaterally estopped from litigating these issues. However, it is clear that all matters relating to the restrictive covenant were conclusively determined in the former action. Therefore, plaintiff's allegation in the instant suit that defendant made it impossible for him to take over the medical practice by competing with him relates directly to the restrictive covenant issue and may not again be litigated in the present action.

■■ Defendant finally contends that plaintiff was required to bring all actions relating to the contract in one suit. The authorities defendant cites for the proposition that successive breaches of contract give rise to but one cause of action are correct insofar as they apply to a nonseverable contract. (Calamarie on Contracts §185; 11 Williston on Contracts §1294 (3d ed. 1968).) However, a contract may give rise to more than one cause of action (23 Ill. L. & Pr. *Judgments* §§341, 348 (1956)), and where this is the case, Illinois law provides that the joinder of causes of action is permissive—not mandatory. Ill. Rev. Stat. 1975, ch. 110, par. 44.

For the reasons stated, we believe that the trial court erred in holding that the former judgment operated as a bar to plaintiff's allegations that defendant breached their contract by failing to (1) transfer accounts receivable; (2) leave an inventory of drugs; (3) transfer industrial accounts; and (4) leave active patient files. The court was correct in barring plaintiff's allegation that defendant's continued competition made it impossible for him to take over the medical practice.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ, P. J., and BARRETT, J., concur.