JAMES E. KAHLER, Plaintiff-Appellant, *v.* DON E. WILLIAMS COMPANY, Defendant-Appellee.

Third District No. 77-427

Opinion filed May 10, 1978.

Richard M. Batcher, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant.

Marvin L. Schrager, of East Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, James Kahler, commenced this action against his former employer, Don E. Williams Co., to recover accrued vacation pay, bonus, and amounts standing in his name in a profit-sharing plan. The circuit court of Rock Island County granted defendant's motion to dismiss and plaintiff appealed.

The sole issue on appeal is whether a prior small-claims action bars plaintiff from maintaining the present action.

Plaintiff commenced his employment with defendant on June 1, 1970. Based upon an oral agreement, plaintiff received a salary, vacation pay, bonus and profit-sharing contributions as compensation. On April 13, 1973, plaintiff ceased receiving a salary. From April 13 thru April 30, pursuant to an agreement with defendant, plaintiff worked as a salesman earning a commission on all sales and reimbursement for out-of-pocket expenses. On April 30, 1973, the employment relationship between plaintiff and defendant ended. It is alleged in plaintiff's complaint that defendant's fiscal year ended on April 30 and that it had been defendant's practice to pay bonuses to employees and determine the profit-sharing contributions as of that date. The complaint also alleges that plaintiff's employment was terminated without just cause.

After April 30, 1973, plaintiff failed to receive either his commissions for all the sales generated between April 13 and April 30 or reimbursement for all the expenses incurred during that period. On June 19, 1973, plaintiff, without benefit of counsel, filed a small-claims complaint against defendant in the circuit court of Tazewell County. The complaint alleged that defendant was indebted to plaintiff as follows:

| "$651.70  For | Prepaid expenses | $250.84 | Total | $660.96 |
| | Apex parts | 40.58 | less | 9.26 |
| | Specified earnings | 369.54 | Net | $651.70 |
| | Total | $660.96 | | " |

After plaintiff learned that defendant was represented by counsel, plaintiff engaged an attorney to represent him in the small-claims matter. Immediately prior to trial, the parties effected a settlement and the case was dismissed with prejudice. The agreed settlement of $340 was paid by defendant. The present action was commenced on April 14, 1975. The trial court ruled that plaintiff's action was barred by reason of the plaintiff's prior small-claims action against defendant which had been dismissed with prejudice. We disagree and accordingly, reverse and remand.

Plaintiff's argument originates with his basic contention that two contracts existed between plaintiff and defendant. The first contract between plaintiff and defendant related to plaintiff's employment as a salaried employee and the second contract related to plaintiff's position as a commissioned salesman. Since two contracts existed, a breach of each would give rise to two separate causes of action. Plaintiff argues that the small-claims action was only for the breach of the second contract and it follows according to plaintiff, that the cause of action for breach of the first contract is not barred by res judicata.

Defendant responds by claiming that there was only one contract of employment. Defendant contends that if the plaintiff had any causes of action against defendant, they accrued from his total employment with the company and not from two separate contracts. All claims arising from that employment were or should have been alleged in one action. Defendant also appears to argue that because the small-claims complaint sued for "earnings," any claims for items that might be considered earnings, such as bonuses, profit sharing, and vacation pay, were concluded by the first action. Though res judicata is a basic tenet of the law, it would do well to review some of its precepts.

■■ Res judicata has two components. The component of estoppel by judgment provides that when a cause of action has been litigated in a court of competent jurisdiction to a final judgment on the merits, the parties to that action and their privies are thereafter estopped from relitigating in a subsequent action in the same or any other court, not only the issues which were in fact raised and decided in a prior action, but also all other issues which might have been raised in that prior action. (*Hoffman v. Hoffman*, 330 Ill. 413, 161 N.E. 723.) The "might have been" dimension of res judicata applies only where the cause of action in the first and second suit is the same. (*Turzynski v. Liebert*, 39 Ill. App. 3d 87, 350 N.E.2d 76.) When comparing the two cases to determine if the first is res judicata to the second, the test to be applied is whether there is identity of facts essential to the maintenance of both cases or whether the same evidence would sustain both. *National Tea Co. v. Confection Specialties, Inc.*, 48 Ill. App. 3d 650, 362 N.E.2d 1150; 46 Am. Jur. 2d *Judgments* §410 (1969).

■■ From an analysis of the facts concerning the relationship between plaintiff and defendant, we believe two contracts of employment existed. During the first period of employment, which ended on April 13, plaintiff was placed in a far different status than during the second period of employment from April 13 thru April 30. One of the key elements to any employment contract is the nature and extent of the direct compensation an employee is to receive. When that compensation is as radically

different in character as that received by a salaried employee and a commissioned salesman with reimbursement for expenditures, we believe two contracts of employment are contemplated by the parties. This is so even though the periods of employment may be contiguous with one another to form one single time span.

While the existence of two separate contracts would normally in and of itself be sufficient to refute defendant's claims of res judicata, further reasons support plaintiff's claim of error.

Under the test to determine if two causes of action are the same and hence the second barred by a former adjudication of the first, the evidence necessary to support each must be examined. Here, such an examination reveals the facts necessary to support plaintiff's small-claims complaint are far different from those necessary to support the present action. From plaintiff's complaint in this action, it appears the issue of wrongful termination is crucial to plaintiff's success, whereas in the small-claims action, the issue of wrongful termination was neither material nor relevant. Nowhere in the small-claims complaint is reference of any type made to recovery for vacation pay, bonuses, or profit sharing. On its face the small claims complaint was limited to expenses and "specified earnings," together with amounts for each. We do not agree with defendant's claims that "specified earnings" extends to items upon which recovery is now sought. From the amount of relief requested and the language employed, the first complaint raised claims of a different character than defendant would have us believe.

■■ Defendant argues that even if two causes of action do exist, then collateral estoppel bars this suit. *Hoffman v. Hoffman*, 330 Ill. 413, 417, 161 N.E. 723, 725, discusses the doctrine of collateral estoppel (or estoppel by verdict) at length.

> "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit * * * and the same fact or question is again at issue between the same parties, its adjudication in the first cause will * * * be conclusive of the same question in the later suit * * *." 330 Ill. 413, 417, 161 N.E.2d 723, 725.

For an estoppel to exist "it must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined * * *." (330 Ill. 413, 417, 161 N.E.2d 723, 725.) Hence, collateral estoppel can exist only after a fact or question has been put in issue, litigated, and decided. Here, by virtue of the settlement of the small-claims action, no facts or questions were ever litigated or decided and collateral estoppel cannot exist to bar either party.

For the foregoing reasons the judgment of the circuit court of Rock

Island County is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

BARRY, P. J., and STENGEL, J., concur.