R. Anthony MARRESE, M.D., and Michael R. Treister, M.D., Plaintiffs,

v.

AMERICAN ACADEMY OF ORTHO-PAEDIC SURGEONS, Defendant.

No. 80 C 1405.

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1986.

John J. Casey, Mathewson & Hamblet & Casey, Stephen B. Cohen, George C. Pontikes, Michael T. Sawyier, Foss, Schuman, Drake & Barnard, Chicago, Ill., for plaintiffs.

D. Kendall Griffith, Thomas M. Crisham, Robert Nord, Pamela S. Hollis, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

By instruction of the United States Supreme Court, *Marrese v. American Academy of Orthopaedic Surgeons,* — U.S. ——, 105 S.Ct. 1327, 1335, 84 L.Ed.2d 274 (1985), we must decide the nearly metaphysical question of whether Illinois courts would treat the Circuit Court's dismissal of plaintiffs' original complaints on the merits as a bar to plaintiffs' present complaint, brought under the exclusive antitrust jurisdiction of the federal courts. The state court complaints charged that defendant's denial of plaintiffs' membership applications violated defendant's by-laws and the federal and state constitutions, and constituted a breach of contract; the complaint in this court claims that defendant's membership practices, including the denial of plaintiffs' applications, violate the Sherman Act, 15 U.S.C. § 1 et seq. For the full history of this case, *see id.,* 105 S.Ct. at 1329–1330; the (now reversed) Seventh Circuit decision, *Marrese v. American Academy of Orthopedic Surgeons,* 726 F.2d 1150 (7th Cir. 1984); and the federal trial court decisions and state appellate court decision cited therein.

Our task is an exercise in extrapolation because, of course, the Illinois courts never address issues pertaining to exclusively federal lawsuits. Nevertheless, the Supreme Court instructs that under the

full faith and credit statute, 28 U.S.C. § 1738, we must "rely in the first instance on state preclusion principles to determine the extent to which an earlier state judgment bars subsequent litigation." *Marrese*, 105 S.Ct. at 1332 (citation omitted).

Illinois courts adhere to the familiar rule of *res judicata*, or "estoppel by verdict," that:

> a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.... The doctrine of *res judicata*, in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, extends not only to the questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented.

*People v. Kidd*, 398 Ill. 405, 408, 75 N.E.2d 851, 853 (1947) (citations omitted). In this case, it is undisputed that the Circuit Court rendered final judgments, within its jurisdiction, on the merits, as to both plaintiffs. The possible reasons why the *res judicata* rule would not apply are: (1) the subsequent antitrust suit involves a different "claim, demand or cause of action," as Illinois courts construe those terms, than did the prior suit; (2) the "court of competent jurisdiction" requirement of the rule means that the former court must have had jurisdiction over the latter suit for *res judicata* to apply; (3) to the same end, the "might have been presented" language of the rule limits its application to suits which would have been within the jurisdiction of the court rendering the prior judgment; or (4) as to plaintiff Marrese, the state court did not enter the final judgment on his suit (which was stayed pending the outcome of plaintiff Treister's suit) until after plaintiffs filed their federal complaint.

We evaluate these reasons by a two-step analysis. First, considering the "same claim, demand or cause of action" requirement, we analyze whether under Illinois law the original judgment would have been *res judicata* if plaintiffs had subsequently filed a state law antitrust suit in state court. If not, because of differences in the theories or proof involved, then *a fortiori*, this suit is not barred. But if, as we conclude, such a suit would have been barred, then the second question, considering the state's lack of jurisdiction to entertain the latter claim, is whether a judgment on the merits in a state antitrust suit would bar a subsequent federal antitrust suit. If not, then by extension, the prior judgment here does not bar this suit. We believe that by so hypothesizing an intermediate state antitrust suit, we can most clearly determine the full faith and credit to be given the judgment of the Circuit Court of Cook County.

The first question, whether a claim alleging violations of the Illinois antitrust laws would be barred by plaintiffs' state court suits, depends on whether antitrust allegations would be considered the same "claim, demand or cause of action" as the claims raised by the state court suits. Illinois courts have recited various standards for determining whether there is identity of cause of action. The Illinois Supreme Court has stated that "[a] decree operates as *res judicata* of the claim presented in a later action when the facts and relief sought 'are substantially the same.'" *Housing Authority for LaSalle v. YMCA of Ottawa*, 101 Ill.2d 246, 254, 78 Ill.Dec. 125, 129, 461 N.E.2d 959, 963 (1984) (quoting *Midlinsky v. Rubin*, 341 Ill. 378, 385, 173 N.E. 368 (1930)). In *Kahler v. Williams Co.*, 59 Ill.App.3d 716, 718, 16 Ill. Dec. 927, 929, 375 N.E.2d 1034, 1036 (3d Dist.1978), the Illinois Appellate Court for the Third District stated "the test to be applied is whether there is identity of facts essential to the maintenance of both cases or whether the same evidence would support both." Other courts have stated that for purpose of *res judicata*, a cause of action consists of the right conferred upon the plaintiff for the wrongful act committed by the defendant. *See Morris v. Un-*

*ion Oil Co.,* 96 Ill.App.3d 148, 156–157, 51 Ill.Dec. 770, 776, 421 N.E.2d 278, 284 (5th Dist.1981).

We find it less useful to attempt to harmonize the boilerplate language of these standards than to see how Illinois courts deal with particular situations. We find two consistently guiding principles under which we can examine this case.

On the one hand, the Illinois courts do not allow a party to create a new cause of action out of the same basic act or transaction merely by alleging a different legal theory than alleged in a prior suit. In *Pratt v. Baker,* 79 Ill.App.2d 479, 223 N.E.2d 865 (2d Dist.), *cert. denied,* 389 U.S. 874, 88 S.Ct. 165, 19 L.Ed.2d 157 (1967), the plaintiff, the conservator of an estate, alleged the same facts he had alleged in a prior suit against the executor in which he had claimed breach of the executor's bond; but added as theories of recovery "common law tort" and fraud. The court found that each theory was "bottomed on the same duties allegedly owed by defendant." In holding that the second action was barred by the first, the court stated that when a party brings a claim against another party, the law requires him to bring forth all grounds of recovery or defense that he may then have.

Similarly, in *Morris v. Union Oil of California,* 96 Ill.App.3d 148, 157, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (5th Dist. 1981), the court held that the plaintiffs' action was barred by a prior action because the underlying facts in both actions were the same. The defendants had a leasehold interest in the minerals in a certain tract of property. Plaintiffs owned the surface interest in the tract and had rights to the mineral interest upon termination of the lease. When the tract was consolidated with neighboring land, plaintiffs had brought suit seeking to rescind the consolidation agreement and collect damages. The court had dismissed plaintiffs' complaint with prejudice. Soon thereafter, plaintiffs brought a second suit seeking to quiet title, ejection, and damages. The *Morris* court determined that the second

action was barred because plaintiffs were merely substituting new legal theories based on the same underlying facts. The court reasoned that a cause of action consists of the rights conferred upon a plaintiff by the wrongful act committed by the defendant. In both actions, the plaintiffs' claims were based upon the same instruments of title, the same oil leases and the same acts of the defendants. Thus, the causes of action were the same. *See also Village of Northbrook v. County of Cook,* 88 Ill.App.3d 745, 43 Ill.Dec. 792, 410 N.E.2d 925 (1st Dist.1980); *Baird & Warner, Inc. v. Addison Industrial Park,* 70 Ill.App.3d 59, 64, 26 Ill.Dec. 1, 8, 387 N.E.2d 831, 838 (1st Dist.1979).

On the other hand, where the plaintiff brings a suit against the defendant and claims that he is entitled to recover for a wrong committed by the defendant in a separate and distinct act or transaction from the wrong complained of in the first suit, the Illinois courts do not let the first suit operate as a bar to the second suit. In *Turzynski v. Liebert,* 39 Ill.App.3d 87, 350 N.E.2d 76 (1st Dist.1976), the prior suit resulted when the defendant, who had sold the plaintiff his medical practice, announced his intentions to begin a new medical practice next door to plaintiff's. Plaintiff had brought suit seeking injunctive relief, claiming that defendant had breached his covenant not to compete. The prior court had found that plaintiff had waived his right to defendant's compliance with the covenant and therefore was not entitled to relief. The plaintiff then brought a second suit claiming that the defendant had failed to comply with other terms of the contract requiring him, for example, to transfer the accounts receivable. The defendant claimed *res judicata.* The court found no bar. Because the same evidence would not sustain both claims, the causes of action were not the same. Although both suits ultimately arose under the sales contract, the first sought redress for defendant's act of deciding to compete, and the second for other distinct acts, such as failure to transfer accounts. Each suit rested on different acts breaching different

provisions of the same contract. *See also Gittings v. Hilton*, 124 Ill.App.3d 594, 79 Ill.Dec. 935, 464 N.E.2d 839 (1984); *Kahler v. Williams*, 59 Ill.App.3d 716, 16 Ill.Dec. 927, 375 N.E.2d 1034 (1978).

In the instant case the various claims arise from a single act, denial of membership, allegedly committed by defendant. In plaintiffs' state court complaints and antitrust complaint (which we take for these purposes to resemble closely our hypothetical complaint alleging violations of Illinois antitrust law, *see Marrese*, 726 F.2d at 1155–1156), plaintiffs essentially allege that the actions taken by the Academy with respect to rejecting the plaintiffs' membership applications violated plaintiffs' rights and therefore entitled them to relief. In Treister's state court complaint, Treister alleged that the Acadamy widely distributed a list of applicants which included his name, denied him the opportunity of knowing or denying the charges made against him, denied his application and refused to let him see his file. In so doing, the Acadamy deprived him of a practical necessity of his profession and impaired his professional reputation and earning capacity. Marrese's state court complaint was virtually the same. The federal complaint alleges the same acts on the part of the Academy, and alleges that the Academy's practices have resulted in lower quality orthapedic surgical care, and loss to the plaintiffs of an economic advantage, referrals, and advantageous professional opportunities. The similarity of the complaints demonstrates that a new legal theory of a state antitrust violation could have been founded on the facts supporting the original complaint.

We acknowledge that to state a cause of action under the Illinois antitrust laws, plaintiffs would need additional factual allegations, such as of the Academy's anticompetitive effect, which were not required for their state court complaints. However, the antitrust evidence was available to plaintiffs when they filed their first suit. Under Illinois principles of *res judicata*, their failure to utilize an antitrust theory in their first action would prevent a second state court action based on that theory. The court in *Prochotsky v. Union Central Life Insurance Co.*, 2 Ill.App.3d 354, 276 N.E.2d 388 (1st Dist.1971), so decided in a similar situation in which a latter-raised theory required proof of some new elements. In *Prochotsky*, plaintiff had first brought suit in law to recover commissions allegedly due to him under an insurance policy. The plaintiff had claimed that the defendant, in failing to pay plaintiff the commissions, breached an insurance industry practice. The trial court had granted summary judgment in favor of defendant. Plaintiff subsequently brought a suit in equity claiming that the defendant breached an oral contract. The plaintiff contended that the second suit arose from a separate cause of action because the proof in the first case was restricted to evidence of custom and usage whereas the second action required proof of an oral contract. The court, finding *res judicata*, stated: "[p]laintiff could have presented both theories in his first action. Merely alleging that one action is based on an oral contract while the other is based on an industry practice is not sufficient to show a distinct cause of action." 276 N.E.2d at 390.

Hence, Illinois law bars subsequent suits based on the same operative facts as an earlier suit. We find that a state antitrust action would have been based on the same operative facts as the plaintiffs' original actions and thus would have been barred.

Our determination is consistent with Illinois policy regarding relitigation of actions between the same parties. In *Morris*, the court stated that *res judicata* is based upon the "public necesity that disputes be resolved and ended. It is a fundamental principle of procedure that in law and equity a party must set out in his pleadings all of the grounds for recovery he may have." 51 Ill.Dec. at 775, 421 N.E.2d at 283. Further, the court stated that the doctrine is "founded on the desire for judicial economy and consistency and upon equity of preventing harassment of a defendant who has already come to the bar to answer for the entire matter concerned." *Id.* Given

these guiding considerations and our analysis of the Illinois law governing *res judicata* we find that plaintiffs' state court actions would have barred a subsequent action under Illinois antitrust law.

We note, parenthetically, that plaintiff Treister alleges in his federal complaint that he reapplied for membership and awaits a decision. If a second rejection has occurred, that would be a subsequent fact that might change the *res judicata* analysis.

Having determined that a state antitrust suit would have been barred, we turn to consider the more abstract question of whether a judgment in such a suit, and by extension the prior judgment here, would bar this suit. In other words, does the existence of an exclusive federal forum created by a federal statute, even where a parallel state statute provides a state forum for the same type of claim, render the principle of *res judicata* inapplicable?

■ We do not believe the answer is found in the "court of competent jurisdiction" language of the Illinois rule of *res judicata*. The plain meaning of that language, and the understanding evidenced by Illinois courts, is merely that the prior court must have been competent to entertain the prior suit in order for its judgment in that suit to have preclusive effect in a subsequent suit. *See People v. Kidd*, 398 Ill. 405, 409–410, 75 N.E.2d 851, 854 (1947).

Plaintiffs primarily rely on the "might have been presented" language of the rule, contending that since they could not present their Sherman Act claim in state court, *res judicata* cannot bar it. Defendant maintains on the other hand that this language expands, rather than contracts, the range of cases to which *res judicata* applies, and should include this case where plaintiffs raised a "claim, demand or cause of action" concerning the membership denial, and could have brought an antitrust count as an alternative ground to recovery either under state law or under federal law (with the other grounds pled as pendent state claims).

The courts of Illinois have applied the "might have been presented" language in cases without relevance here, as, for instance, where a party was not permitted to intervene in a prior suit and hence could not present the issue upon which it later filed suit, *see Inter-Insurance Exchange v. Truck Insurance Exchange*, 88 Ill.App.3d 733, 44 Ill.Dec. 11, 12–13, 410 N.E.2d 1103, 1104–1105 (3d Dist.1980). Slightly more relevant is the nineteenth century dictum that public policy does not allow a plaintiff to harass a defendant with multiple suits "when one suit in the proper court would have been all the litigation necessary." *Lucas v. Compte*, 42 Ill. 303, 305 (1866). But the real concern in that case, where a plaintiff had divided a debt exceeding $100 into subparts and brought suit on each one before a justice of the peace with jurisdiction limited to $100 claims, is that a party should not be able to defeat jurisdictional limitations by filing piecemeal suits. *Id.* at 305. Here, plaintiffs, far from circumventing jurisdictional limitations, abided precisely by them. Further, the *Lucas* court was mindful that a proper court was available within the Illinois court system to hear the entire claim. Thus we are hesitant to discern a principle applicable here from the above quote.

More to the point, as the Supreme Court noted in *Marrese*, 105 S.Ct. at 1333 and n. 3, is the Restatement (Second) of Judgments (1982), which provides that state proceedings do not bar lawsuits in the exclusive jurisdiction of federal courts. *See* §§ 25(1) comment e, 26(1) comment c(1); *cf. id.* § 24 comment g (rules against claim-splitting to defeat jurisdictional limitations assume that "a court was available in the same system of courts—say a court of general jurisdiction in the same state—where [the plaintff] could have sued for the entire amount"). The following pertinent illustration is given:

A Co. brings an action against B Co. in a state court under a state antitrust law and loses on the merits. It then commences an action in a federal court upon the same facts, charging violations of the federal antitrust laws, of which the fed-

eral courts have exclusive jurisdiction. The second action is not barred.

The question is whether this rule reflects the law of Illinois.

Illinois courts have not cited to this section of the Restatement of Judgments, but have widely relied on portions of the Restatement concerning other aspects of *res judicata* law. For instance, Illinois courts have cited its statement of the policy underlying *res judicata* doctrine, *see Raper v. Hazelett & Erdal*, 114 Ill.App.3d 649, 651, 70 Ill.Dec. 394, 396, 449 N.E.2d 268, 270 (1st Dist.1983); its general rule of *res judicata, see Branom v. Miller*, 25 Ill. App.2d 94, 96–97, 166 N.E.2d 123, 125 (4th Dist.1960); its definitions and requirements concerning same parties and privies, *see Williams v. Madison County Mutual Automobile Ins. Co.*, 40 Ill.2d 404, 407, 240 N.E.2d 602, 604 (1968); *Smith v. Bishop*, 26 Ill.2d 434, 440, 187 N.E.2d 217, 220 (1962) (Schaefer, J., dissenting); *Sweeting v. Campbell*, 2 Ill.2d 491, 496, 119 N.E.2d 237, 240 (1954); *Ayers Asphalt Paving, Inc. v. Allen Rose Cement and Construction Co.*, 109 Ill.App.3d 520, 523, 65 Ill.Dec. 52, 54, 440 N.E.2d 907, 909 (1st Dist.1982); *Johnson v. Nationwide Business Forms, Inc.*, 103 Ill.App.3d 631, 634, 59 Ill.Dec. 339, 341, 431 N.E.2d 1096, 1098 (1st Dst. 1981); its test for identity of causes of action, *see Pierog v. H.F. Karl Contractors, Inc.*, 39 Ill.App.3d 1057, 1061, 351 N.E.2d 249, 253 (1st Dist.1976); and its rules for which types of judgments govern for *res judicata* purposes, *see Adams v. Pearson*, 411 Ill. 431, 442, 104 N.E.2d 267, 273 (1952); *Sullivan v. Sullivan*, 98 Ill. App.3d 928, 931–932, 54 Ill.Dec. 207, 210, 424 N.E.2d 957, 960 (3d Dist.1981); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 77 Ill.App.3d 518, 525, 32 Ill.Dec. 762, 768, 395 N.E.2d 1143, 1149 (1st Dist.1979); *People v. Seidel*, 22 Ill.App.2d 316, 319–320, 160 N.E.2d 681, 683 (1st Dist.1959). Thus Illinois courts appear to consider the Restatement an accurate reflection of or reliable basis for Illinois law, and would seemingly accept the rule of inapplicability of *res judicata* to exclusively federal suits exemplified by the illustration.

Several known principles of Illinois law lend some support to this conjecture. *Res judicata* is not a bar where the court which entered the prior judgment lacked jurisdiction over the matter, *see People v. Kidd*, 398 Ill. 405, 410, 75 N.E.2d 851 (1947); *Seafkas v. Evey*, 29 Ill. 178, 179 (1862), or where the prior court dismissed the matter for lack of jurisdiction, *see Adams v. Pearson*, 411 Ill. 431, 442, 104 N.E.2d 267, 273 (1952); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 77 Ill.App.3d 518, 525, 32 Ill.Dec. 762, 395 N.E.2d 1143, 1149 (1st Dist.1979). As plaintiffs here argue, it would be paradoxical if they could have preserved their right to bring their Sherman Act suit by improperly filing it in state court with their original action, but, after not having done so, are now barred from pursuing the action in the appropriate jurisdiction.

Furthermore, in our view, the cases of *Barton v. Southwick*, 258 Ill. 515, 101 N.E. 928 (1913), and *Howell v. Goodrich*, 69 Ill. 556, 558–559 (1873), of which the parties disagree over the implication, support plaintiffs' position. Those cases establish that a party who does not raise a claim that can be raised defensively, but not offensively, in the prior court, preserves the right to raise it offensively in the court of proper jurisdiction. Specifically, at the time of those decisions, justices of the peace lacked jurisdiction to hear malpractice claims. However, malpractice could be raised within their jurisdiction, as a defense to suits by doctors for payment for services rendered. In *Howell*, where the plaintiff had in the prior suit raised such a defense and lost, the plaintiff was barred from pursuing a malpractice suit in a court of general jurisdiction. The court's reasoning amounts to the familiar rule of issue, as opposed to claim, preclusion—the justice of the peace, having found for the doctor in the original suit, implicitly decided that malpractice did not occur. *Howell*, 69 Ill. at 559. In *Barton*, where the plaintiff had not raised malpractice as a shield in the prior suit, the court found him entitled to raise it as a sword in a court with jurisdic-

tion to hear it. 258 Ill. at 520–521, 101 N.E. 928.

These holdings are pertinent in the following respects. First, once a matter is raised in any form in a court with jurisdiction over it, any issues decided are precluded from relitigation. Hence, all issues decided by the Circuit Court of Cook County, such as the issue of economic necessity, cannot be relitigated in this antitrust suit. Had plaintiffs pursued the hypothesized state antitrust action, it might have precluded consideration of virtually all relevant issues. Then, defendants would not have been made twice to proceed through discovery and a trial on the merits of each issue. But second, plaintiffs' interpretation of the "might have been presented" rule, as a restriction on the scope of *res judicata,* is supported. A claim must be able to have been brought in the same form, in order for a party to a prior action to be barred by failure to raise it. The implication is that since a Sherman Act claim cannot be raised, except in federal court, a state court action cannot bar it.

Accordingly, we conclude that Illinois law does not bar this suit. We note that the Ninth Circuit, applying *Marrese* and analyzing California law, reached the same result. *See Eichman v. Fotomat Corp.,* 759 F.2d 1434 (9th Cir.1985). Because we so conclude, we need not consider the effect of the fact that Marrese's state suit was still pending when this federal suit was filed. Defendant's motion to dismiss is denied.