COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* TRANSIT CASUALTY COMPANY, Defendant-Appellee.

Third District No. 77-320

Opinion filed April 28, 1978.

David L. Cover and James S. Dixon, both of Peoria, for appellant.

David M. Lynch, of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by plaintiff, Country Mutual Insurance Company, as subrogee of Arlyn Jones and Geneva Jones, against defendant, Transit Casualty Company, to recover amounts which plaintiff had paid to the Jones' under an insurance policy. Upon appropriate motion by defendant, the circuit court of Peoria County dismissed two counts of the complaint and granted summary judgment for defendant on the third count and plaintiff appealed.

Three issues are presented for review: first, whether plaintiff's right of subrogation is affected by a settlement and release given by plaintiff's insured to defendant's insured; second, whether defendant improperly interfered with the subrogation contract between Country Mutual

Insurance Company and its insured, Arlyn and Geneva Jones; and third, whether a contract existed between plaintiff and defendant which has been breached by defendant. We reverse and remand.

The facts leading to the present action are relatively certain. In July of 1971, Arlyn and Geneva Jones (husband and wife) were involved in a vehicular accident with a tractor-trailer unit driven by James Baughman, an employee of Lincoln Transfer Company. The tractor-trailer unit was owned by Lincoln Transfer Company. At the time of the collision an insurance policy between the plaintiff and the Jones' provided insurance coverage for damage to their automobile as well as medical coverage for them in the maximum amount of $5,000. Pursuant to the provisions of the insurance policy, plaintiff paid to Arlyn Jones $647.28 ($747.28 actual damage less $100 deductible) for damage to his automobile and $5,000 to Geneva Jones for medical expenses. Mr. and Mrs. Jones agreed to assign and reimburse plaintiff for the full amount received under their policy if they should recover from anyone for the damages arising from the accident.

Shortly after the collision, plaintiff sent a "notice of lien and subrogation interest" by letter to James Baughman, claiming a lien on any proceeds to be paid for the loss and damage sustained by Mr. and Mrs. Jones. The letter also advised Baughman of plaintiff's subrogation interest. Copies of the letter were sent to Lincoln Transfer and to Garrison Insurance Agency, agent for Lincoln's insurance carrier, Transit Casualty Company.

In early 1972, defendant received a series of further correspondence from plaintiff as to certain specifics of plaintiff's subrogation claim. Defendant attempted to pay plaintiff for the property damage portion of plaintiff's subrogation claim, unaware of the possible existence of a bodily injury subrogation claim. When payment was rejected by plaintiff, the defendant responded on May 23, 1973, by stating that the property damage subrogation claim was paid prior to defendant's knowledge that personal injury was involved and assured plaintiff that as soon as the bodily injury portion of the claim was concluded, it would give plaintiff's subrogation interest immediate attention. After receiving notification of plaintiff's $5,000 payment to Geneva Jones for medical expenses, defendant advised plaintiff by letter that "suit is now pending on this matter and when a settlement is reached your interest will be protected." Subsequent to this letter, a settlement was reached between plaintiff's insured and defendant, representing its insured, for the damages the Jones' sustained as a result of the collision. Based upon the settlement, defendant issued three drafts totaling $150,000. One of these drafts was issued to Arlyn P. Jones, Geneva Jones and the Country Companies in the amount of $3,666.67, apparently as payment for plaintiff's subrogation claim. The amount of the draft was provided by Elmo Koos, attorney for

plaintiff's insured. According to defendant, Mr. Koos stated that he was representing the interest of plaintiff. Mr. and Mrs. Jones, plaintiff's insured, each executed a general release to Lincoln Transfer Company and James Baughman for claims arising out of the accident. Plaintiff was unaware of the settlement negotiations and never retained attorney Koos to represent it. Plaintiff refused to accept the draft for $3,666.67 and commenced this suit against defendant to recover the full amount of its subrogation interest. Neither of plaintiff's insured are parties to this action.

The only issue we need consider relates to plaintiff's right of subrogation. Plaintiff argues that his subrogation right was perfected when it gave notice of its subrogation interest to all concerned parties before the release was executed by its insured. It follows, according to plaintiff, that the release by its insured to defendant's insured will not bar recovery from defendant upon plaintiff's subrogation interest. Defendant claims that a general release by plaintiff's insured barred plaintiff's subrogation rights against defendant and its insured. Of the courts that have considered this question, the mainstream of authority holds that once a subrogee has notified a third party alleged to be responsible for the damage to the property or person of the insured, a subsequent release executed by the subrogor in favor of that third party will not bar enforcement of the subrogee's interest. (See Annot., 92 A.L.R. 2d 102, §5(a) (1963). See also Couch, Insurance §61:197 (1966).) The keystone to such holdings seems to be the perfection of the subrogee's interest by notification given to the tortfeasor of the existence of a subrogation claim prior to execution of a release.

■■ Illinois has recently adopted a position which substantially conforms to the authority in numerous other jurisdictions. In *Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 375 N.E.2d 115, the court held that "an unlimited release executed by an insured-subrogor for consideration not specifically including an amount designated as covering the insurer's subrogation interest does not bar a subsequent subrogation action by an insurer-subrogee against the tortfeasor, if the tortfeasor or his insurance carrier had knowledge of the insurer-subrogee's interest prior to the release." (71 Ill. 2d 210, 215, 375 N.E.2d 115.) The opinion in *Home Insurance* represents a significant change from the prior applicable law.

■■ Here, it is uncontroverted that defendant had notice of plaintiff's subrogation interest prior to settlement and execution of the release, as is documented by correspondence between plaintiff and defendant. We believe the rule announced in *Home Insurance* is applicable even though a check was submitted payable to plaintiff and its insured. First, the check was insufficient to cover all of plaintiff's subrogation interest and second, the release itself did not provide an amount designated as covering the plaintiff's subrogation interest. Since the defendant had knowledge of

plaintiff's subrogation interest prior to execution of the release and the release did not specifically include an amount designated as covering the plaintiff's subrogation interest, the plaintiff has a cause of action against defendant based upon its subrogation claim. The circuit court erred in dismissing the count based upon that claim.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

BARRY, P. J., and STENGEL, J., concur.