UNITED SECURITY INSURANCE COMPANY, Plaintiff-Appellant, *v.* DENNIS R. HAYMAN *et al.*, Defendants-Appellees.

Third District   No. 79-270

Opinion filed January 15, 1980.

Robert H. Hansen, of Herbolsheimer, Lannon, Henson & Duncan, P. C., of La Salle, for appellant.

Peter F. Ferracuti, of Ottawa, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County, which on motion of defendants, Dennis R. Hayman and Margo Hayman, dismissed the complaint of the plaintiff, United Security Insurance Company.

A detailed factual and procedural resume which resulted in this appeal is as follows. On October 7, 1976, Dennis Hayman as a pedestrian was struck by an automobile driven by John McMasters. The accident occurred in the parking lot of Barb's Place, formerly known as the Red Rose Tavern in the city of Mendota, La Salle County. As a result of the accident Dennis Hayman suffered severe injuries. On February 14, 1974, Dennis Hayman, along with his wife Margo and minor children Kevin, Dennis and Timothy, brought action against John McMasters, Barbara Atherton d/b/a Barb's Place, and Frances Asmussen, the latter being the owner of the premises leased for tavern purposes. The action was filed in the La Salle County Circuit Court as case number 74-157L.

Dennis Hayman received a $7,800 payment from his insurance company, the plaintiff United Security; however, the insurance company had subrogation rights pursuant to terms of the policy. On October 8, 1974, the plaintiff United Security filed a petition to intervene in case number 74-157L for the purpose of protecting its subrogation interest of $7,800.

On April 28, 1975, the dramshop action was settled between the Haymans and the defendants in case 74-157L and ordered dismissed. The settlement was for the sum of $17,500, of which $100 was allocated to Dennis Hayman for personal injuries and $17,400 was allocated to his wife Margo and their children for loss of means of support. A judgment was subsequently entered in favor of Dennis Hayman and against John H. McMasters in the amount of $150,000.

On May 14, 1975, United Security filed a motion to vacate the order of dismissal in the dramshop settlement, asserting its subrogation interest in the proceeds and that no notice was given the plaintiff when case 74-157L went to trial and settlement was reached. On July 3, 1975, the circuit court denied both the petition to intervene and the motion to vacate. Subsequently United Security initiated supplemental proceedings in the circuit court (75-LM-331) in the form of attachment proceedings; however, the same were dismissed on motion of United Security. United Security also attempted to perfect an appeal in this court from the order of July 3, 1975, which denied its petition to intervene and its motion to vacate. Counsel for United Security advised this court on December 30, 1975, that it was abandoning its appeal and the same was dismissed on January 5, 1976.

On July 19, 1977, United Security filed a suit in the circuit court of

La Salle County against Dennis Hayman and his wife Margo (case No. 77-LM-277) alleging fraudulent conspiracy and breach of contract and fiduciary duty against the Haymans in that they manipulated the settlement of the dramshop action (74-157L) in order to deprive United Security of its subrogation rights. Attorney for the defendants Hayman filed a motion to dismiss the complaint, supported by an affidavit in which it was asserted that the issues in the complaint were *res judicata* in that the same issues were decided as to the same parties in case 74-157L. A responsive affidavit was filed by United Security in which it was asserted *inter alia* that intervention had been denied in case No. 74-157L and that in the case there had been no rulings made on the issues raised by United Security in the lawsuit in question. The motion to dismiss was granted on December 26, 1978, on the ground that the order of July 3, 1975, in case 74-157L constituted an adjudication of the cause of action in the case commenced by United Security on July 19, 1977, and hence was *res judicata*.

The sole issue presented in this appeal is whether the trial court was correct in that *res judicata* barred United Security's cause of action alleging fraudulent conspiracy because of the trial court's earlier dismissal of United Security's petition to intervene and motion to vacate in case 74-157L.

■■ We quarrel not with the defendants Hayman's contention that in determining whether the doctrine of *res judicata* applies it is necessary to decide if the same parties, subject matter and cause of action are involved in both proceedings. See *City of Elmhurst v. Kegerreis* (1946), 392 Ill. 195, 64 N.E.2d 450; 46 Am. Jur. 2d *Judgments* §§407, 518 (1969).

In considering the issue raised in this appeal in light of the foregoing rules to be followed in determining whether *res judicata* is applicable in the instant case we first address our attention to the case of *UAW Local 283 v. Scofield* (1965), 382 U.S. 205, 15 L. Ed. 2d 272, 86 S. Ct. 373. In *Scofield* our United States Supreme Court held that if intervention is denied in a proceedings, the party so denied intervention would not be bound by the decision therein. See also *Yeates v. Daily* (1958), 13 Ill. 2d 510, 150 N.E.2d 158; Annot., 88 A.L.R. 574 (1934).

It is incongruent to argue that United Security was a party to what is referred to as the dramshop action (case 74-157L) since that is precisely the status that United Security wanted in the case and which was denied. The cited case of *Scofield* holds that a party denied intervention is not bound by *res judicata* rules.

■■ The Haymans further argue that the issues determined in the denial of the petition to intervene were the same as those presented by United Security's complaint in the case which is the subject of this appeal. The only common denominator in the petition to intervene and subsequent complaint filed by United Security is that in both instances the

subrogation rights of United Security were involved; however, the type of pleadings filed presented issues which cannot be construed as identical, or even similar enough to predicate a reasoned or sound argument that they were identical. Stated in a simplistic manner, the petition to intervene requested that United Security be made a party to case 74-157L so its subrogation rights could be asserted and protected. The subsequent complaint filed by United Security contained two counts, the gist of which alleged that it desired relief because the defendants Hayman had engaged in a fraudulent conspiracy by manipulating a dramshop settlement in order to defeat subrogation rights. The relief presented in the petition to intervene was to be made a party based upon rights granted by an insurance contract. The relief prayed for in the complaint was the recovery of $7,800. Two such divergent prayers for relief cannot spawn identical issues.

Two of the requisites necessary for the application of the *res judicata* doctrine are missing, to-wit, the same parties and the same causes of action. We must therefore disagree with the trial court and hold that the action of United Security instituted by its complaint which alleges fraudulent conspiracy is not subject to dismissal on the grounds of *res judicata*.

For the reasons set forth, the order of the circuit court of La Salle County dismissing the complaint of United Security Insurance Company is reversed and this case is remanded for further proceedings.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.