INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, Plaintiff-Appellee, v. TRUCK INSURANCE EXCHANGE, INC., Defendant-Appellant.

Third District No. 79-848

Opinion filed September 17, 1980.

John P. Nicoara, of Baner & Nicoara, of Peoria, for appellant.

Harry C. Bulkely, of Lucas, Brown & McDonald, of Galesburg, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In 1976 Charles D. Adams filed a suit against Laverne E. Sargent for property damage arising out of an automobile accident which occurred in Knox County on February 13, 1975. Sargent filed a motion to dismiss the complaint, asserting as a bar to the cause of action plaintiff's release of all claims for both personal injury and property damage, executed on August 23, 1976, in consideration of a $6,000 settlement payment by Sargent's insurer, Farmers' Insurance Group. Then, Inter-Insurance Exchange of the Chicago Motor Club filed a motion to intervene and a motion to add the Farmers' Insurance Group as defendant. Chicago Motor Club asserted a right to intervene in order to protect its interest as the insurer and subrogee of Adams. The motion to intervene included allegations that plaintiff's release was accepted by Farmers' Insurance Group with full knowledge of Chicago Motor Club's position as subrogee and also that plaintiff executed the release for personal injury claims only. The complaint which Chicago Motor Club proposed to file against Farmers' Insurance Group stated that Farmers' had committed fraud upon Chicago Motor Club by obtaining a release from Adams under false pretenses with full and actual knowledge of Chicago Motor Club's claim.

Sargent filed a motion to dismiss the third-party complaint on the ground that liability insurers are expressly excluded from being brought in as a third party under section 25 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 25(2)). The trial court, on October 12, 1977, granted defendant's motion to dismiss and denied the Chicago Motor Club's motion to intervene. The other motions were determined to be moot. The

order dismissed the cause of action with prejudice, but no appeal was taken from the court's rulings.

On March 30, 1978, Chicago Motor Club, as plaintiff, filed this action against defendant Truck Insurance Exchange, Inc., a division of Farmers' Insurance Group, alleging that defendant fraudulently induced the breach of the insurance contract between plaintiff and its insured Adams by inducing Adams to execute a release of all liability. Attached to the complaint as exhibits were plaintiff's policy of insurance and an affidavit and correspondence indicating that defendant had actual knowledge of plaintiff's subrogation claim prior to Adams' execution of the release. At the bench trial on the merits of plaintiff's suit, Adams testified that he had been insured by plaintiff at the time of the 1975 accident with Sargent and that he was later represented by an attorney. Two of plaintiff's employees testified as to the details of their handling Adams' claim. Ernest Caves, a claims investigator, identified the bills to repair Adams' auto, which bills plaintiff paid, and then identified several letters which gave notice to defendant of plaintiff's subrogation claim. He testified to a conversation with defendant's claims manager about the subrogation claim, and he also stated that Adams' attorney knew about the claim before the release was executed but declined to represent plaintiff because he was moving. Joseph Kucera, who was formerly plaintiff's district claims manager, described a telephone conversation with an employee of defendant who acknowledged receipt of a letter from plaintiff concerning the subrogation claim and promised to let plaintiff know as soon as his investigation was complete.

Defendant presented no evidence at the trial but asked the court to take judicial notice of plaintiff's answers to two interrogatories and of the release signed by Adams. Plaintiff asked the court to take judicial notice of the prior proceeding which was dismissed. After hearing arguments of counsel, the trial court found in favor of plaintiff and entered judgment in the sum of $1,502 plus costs. Defendant's post-trial motion was denied, and this appeal followed.

■■■ Defendant first contends this cause of action for fraudulent inducement to breach the contract of insurance between plaintiff and Adams is barred by the doctrine of *res judicata* which prohibits the relitigation of issues where three requirements are met: (1) the issues either were actually decided or could have been presented in the prior case; (2) the prior case was decided on the merits; and (3) the prior case was between the present parties or their privies. Defendant's contention must fail. The issue which is at the heart of the instant cause—defendant's improper attempt to defeat plaintiff's subrogation claim—was not and could not have been presented in the prior proceeding because plaintiff's petition to intervene in that proceeding was denied. Plaintiff, having previously been denied interven-

tion to present this very claim, cannot now in fairness be barred on the ground that its claim could have been raised in the original suit. (*United Security Insurance Co. v. Hayman* (1980), 80 Ill. App. 3d 309, 399 N.E.2d 686.) Hence, *res judicata* is not applicable to this cause.

Taken with this case is defendant's motion for leave to file an amended answer asserting the defense of *res judicata*. The motion is denied.

Next defendant argues that the trial court erred in ruling that *Country Mutual Insurance Co. v. Transit Casualty Co.* (1978), 59 Ill. App. 3d 283, 375 N.E.2d 575, is applicable to this case. In *Country Mutual* we invoked the rule then newly announced by the Illinois Supreme Court that "an unlimited release executed by an insured-subrogor for consideration not specifically including an amount designated as covering the insurer's subrogation interest does not bar a subsequent action by an insurer-subrogee against the tortfeasor, if the tortfeasor or his insurance carrier had knowledge of the insurer-subrogee's interest prior to the release." *Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 215, 375 N.E.2d 115, 118; *Country Mutual*, 59 Ill. App. 3d 283, 285, 375 N.E.2d 575.

■■ Defendant claims that *Home Insurance Co.* and *Country Mutual* permit only an action to recover plaintiff's subrogation interest and do not extend to this action for fraudulent inducement. Since the rationale for the new rule is to prevent sharp practices and dishonesty amounting to fraud in the procurement of a general release, it would be illogical to say that the release which was fraudulently procured does not bar the subrogation claim but does bar a cause of action for fraud. We find that the trial court applied the correct rule of law in deciding this cause.

Defendant's final argument is that the evidence was insufficient to sustain plaintiff's cause of action. Defendant says there was no evidence of any misrepresentation of a material fact and that such evidence was necessary to plaintiff's cause of action for fraudulent inducement to breach the contract of insurance between plaintiff and its insured.

■■ The contract here expressly provided that plaintiff "shall be subrogated to all the insured's rights of recovery" and that "[t]he insured shall do nothing after loss to prejudice such rights." Plaintiff alleged the following facts in its complaint:

(1) That plaintiff was the subrogor of its insured;

(2) That defendant procured a release from plaintiff's insured which release purported to be complete and unconditional;

(3) That prior to obtaining the release, defendant had knowledge of plaintiff's subrogation interest;

(4) That the release was asserted as a defense to plaintiff's subrogation claim and was the basis for the dismissal of that claim;

(5) That plaintiff was thus damaged to the extent of its subrogation claim.

These allegations were all supported by evidence at trial. Under the holding in *Home Insurance Co. v. Hertz Corp.* it is not necessary to allege and prove actual fraud in order for the insurer-subrogee to maintain a subrogation action against the tortfeasor. In *Home Insurance Co.*, the court observed that the procurement of a release under these circumstances "amounts to a fraud upon the insurer's right" and thus is no defense to a subrogation action. (71 Ill. 2d 210, 215, 375 N.E.2d 115, 118.) Similarly, in the case at bar, proof that defendant procured the release with knowledge of plaintiff's claim amounted to a fraud upon plaintiff's right, and such proof was sufficient to sustain the cause of action.

Defendant also argues that the automobile repair bills introduced in evidence were not shown to be connected to the accident, but, to the contrary, the record discloses sufficient connection to allow the trier of fact to find that the bills were for the damage resulting from the accident.

Defendant additionally contends that plaintiff failed to prove that the underlying subrogation claim was meritorious since Sargent's liability was never established. We consider that issue to have been waived because it was not raised in the trial court, and in fact, defendant's counsel conceded at trial that "the merits of the accident have no relevance to the instant cause of action." Defendant is now precluded from requiring plaintiff to prove liability for damages arising out of the accident for the first time on appeal.

For the reasons stated, we affirm the judgment of the Circuit Court of Knox County.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.